(111 So. 207)

## JOHNSON v. JOHNSON. (1 Div. 415.)

(Supreme Court of Alabama. Jan. 20, 1927.)

1. Divorce 298(3)—Divorce to husband for wife's adultery was conclusive adjudication of her relative unfitness to have custody of children.

Decree of divorce granted husband for wife's adultery was conclusive adjudication between parties of her relative unfitness to have custody of children.

2. Divorce 303(3)—Adulterous wife, having married paramour after husband's divorce, and seeking custody of children, has burden to show fitness.

Where husband obtained divorce for wife's adultery, wife, seeking custody of children after subsequent marriage to paramour, has burden to show fitness for such custody.

3. Divorce 312—Conclusions of court, who heard witnesses in proceeding by divorced wife for custody of children, will not be disturbed unless palpably wrong.

Conclusions of trial court, who heard testimony and observed parties in proceeding by divorced wife for custody of children, will not be disturbed unless palpably wrong.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Petition in equity by Lucille Johnson against Joseph Johnson. Decree for respondent, and petitioner appeals. Affirmed.

This is a petition by a divorced wife, who has married again, for the custody of the two minor children of herself and her former husband, who is made respondent to the petition.

The record shows that the petitioner filed her bill for divorce against the respondent on November 20, 1923, on the alleged ground of cruelty. The respondent husband filed his answer and cross-bill, denying the charges of cruelty, and charging abandonment and adultery on the part of the complainant, viz. that she abandoned his bed and board more than two years before, and had ever since lived in adultery with one J. W. Danne, and alleging further that she was unfit to have the custody of their two children, and that the respondent was a suitable person to have their custody.

The cross-bill prayed for a divorce a vinculo, and for a decree awarding the cross-complainant the custody of the children. On final hearing, December 4, 1924, a decree was rendered granting relief under the cross-bill, as prayed.

On October 2, 1925, this respondent filed his motion, showing that the petitioner, his divorced wife, had refused on demand to surrender custody of the children to him, and asking a citation of her for contempt, and to compel surrender of the children as previously decreed.

The former wife then filed her answer to the motion, alleging the respondent's consent to her keeping of the children since the said decree, denying the respondent's fitness to have the custody of the children, alleging her own fitness and ability to have and care for them, and that she has cared for them for the last four years without any assistance from him. She prayed that their custody be awarded to her.

The testimony on these issues was taken orally in open court, and, on submission for final decree, relief was denied to petitioner, the divorced wife, and the motion of respondent to have the custody of the children was granted. From this decree the petitioning wife appeals.

Foster K. Hale, Jr., of Mobile, for appellant.

The children should not be taken from the wife because of some misconduct on her part four years ago with a man whom she has since married; the wife having cared for and supported the children without aid or assistance from the father of the children.

Harry T. Smith & Caffey, of Mobile, for appellee.

The burden of proof rested on the appellant. The custody of the children having been awarded to the father at a time when he was a fit custodian and the mother was not, their custody should not now be taken from him merely because the mother has since married her partner in adultery. 29 Cyc. 1588, 1603; Ex parte Rickerson, 203 Ala. 305, 82 So. 769; Montgomery v. Hughes, 4 Ala. App. 245, 58 So. 113; Cook v. Echols, 16 Ala. App. 606, 80 So. 680; McDonald v. Watkins, 18 Ala. App. 131, 89 So. 306; Black v. Montgomery, 17 Ala. App. 245, 84 So. 308.

SOMERVILLE, J. [1, 2] The decree of divorcement, granted to Joseph Johnson in December, 1924, was a conclusive adjudication between the parties of the wife's marital misconduct, and of her relative unfitness to have the custody of the children of the marriage, who are now 7 and 6 years old, respectively. Indeed, the wife's adulterous relationship with another is not denied, but it is conceived that her subsequent marriage to her paramour, and her proper living since that time, have so changed the circumstances under which the original decree of custody was granted as to now justify and require a reversal of that decree and a new award of custody to her.

[3] On the issues presented, the burden of proof rested heavily on the appellant. The trial court saw and observed both parties, and heard their testimony, and that of their

witnesses, viva voce. This is peculiarly a case where the conclusions of the trial court should not be disturbed unless they are palpably wrong.

We have examined the evidence with due care, and we do not find anything which would justify a reversal of the decree, which will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.