(128 So. 450)

## WESTBROOK v. BUGG et al.
### 1 Div. 601.

Supreme Court of Alabama.

April 24, 1930.

Rehearing Denied June 5, 1930.

C. L. Hybart, of Monroeville, for appellant.

Barnett, Bugg, Lee & Jones, of Monroeville, for appellees.

ANDERSON, C. J.

This bill was filed for a dissolution and settlement of a partnership and for the sale of the assets, including a certain tract or body of land belonging to said partnership whether the legal title was in it or L. J. Bugg, as trustee, or individually. It was admitted in the answer, and so held by the trial court, that said land belonged to the partnership, subject to a mortgage held by a Selma bank, and upon which there was due $2,500.

The complainant by his bill, and the respondents by their cross-bill, each asked for a sale of the property, and which was so ordered by the decree of the trial court, and, as to this, the appellant has no cause for complaint. In fact, as we gather from appellant's brief, the only complaint made against the decree of the trial court is that the sale was prematurely ordered, that is, before an accounting was had, and that it should not have been ordered subject to the mortgage of the Selma bank. We see no good reason why the sale should have to await the accounting, as all sides wish the sale and the conversion of the land into money, and a final settlement cannot be well had until this is done.

The sworn answer sets up the mortgage of the Selma bank as a valid claim and as being for part of the purchase money for the land, and the unsworn bill challenges it mainly because of Bugg's authority to execute same, yet the agreement expressly authorized him to execute mortgages. Moreover, if the complainant wished to attack the Selma bank mortgage, it should be a party to the suit, as its mortgage could not be nullified without a right to be heard. So, in either event, whether the sale was or was not made subject to the Selma bank's mortgage, such would be the result, since it was not a party to this litigation.

The decree of the circuit court is affirmed.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.