158 So. 727

## HANBY et al. v. HANBY et al.

6 Div. 567.

Supreme Court of Alabama.

Jan. 17, 1935.

Perry & Powell, of Birmingham, for appellants.

Clark Williams, of Birmingham, for appellees.

BROWN, Justice (after stating the facts as above).

The assignments of error relate to the court's decree in so far as it deals with the custody of the child, La Rose Ann Hanby.

Although the decree in form awards the custody of the child to its maternal grandparents, in the light of the facts and the recital of the decree, it in substance awards the custody to the mother whose infidelity to the marital vows is made the predicate for dissolving the marriage bonds. This court in Anonymous, 55 Ala. 428, 432, 433, speaking of the influence of a mother whose life was shown to be blameless, stated as a truism, that: "All must feel, that no greater calamity can befall an infant daughter, than a deprivation of a mother's care, vigilance, precept and example. A mother's sympathy and culture exerts an influence on her life and character, perceptible only in its results. Therefore, courts are reluctant now to deprive her of the custody of her infant daughters, and but seldom, if ever, do so, unless misconduct is imputable to her."

■ The decree of divorce is conclusive, as between the parties, of the wife's marital misconduct, and her relative unfitness to have the care and custody of the child. Johnson v. Johnson, 215 Ala. 487, 111 So. 207.

■ To apply the truism to a mother whose life is not blameless, but is dominated by the carnal desires of the flesh, can it be doubted that her principles, example, and influence, if allowed the child's custody, would not be reflected in the life and character of the child?

Our judgment, therefore, is that until the complainant evinces a purpose to reform, this child should not be committed to the custody of the complainant's parents in whose home the erring mother expects to live.

The decree of the circuit court, in so far as it awards the custody of La Rose Ann Hanby to Mr. and Mrs. Guy Moncrief, is reversed, and one here rendered awarding the custody of said minor child to her paternal grandparents, Mr. and Mrs. James D. Hanby, to be kept by them within the jurisdiction of the circuit court of Jefferson county, unless otherwise ordered by said court. The mother, Lura Helen Hanby, has the privilege of visiting said child in the home of its grandparents at reasonable hours.

The cause is remanded to the circuit court for such further orders as the welfare of said child and the circumstances of the parties may justify. Hall v. Kirkland, 225 Ala. 158, 142 So. 61.

Let the appellees pay the costs of the appeal.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.