16 So.2d 714

**CRONIN v. CRONIN.**

3 Div. 403.

Supreme Court of Alabama.

Jan. 20, 1944.

Rehearing Denied March 2, 1944.

Powell & Hamilton, of Greenville, for appellant.

Calvon Poole, of Greenville, for appellee.

BOULDIN, Justice.

In August, 1941, appellant filed his bill seeking a divorce upon the ground of voluntary abandonment, also the custody of a son, then fourteen years of age.

Within ten days the respondent filed her answer and cross-bill denying voluntary abandonment, praying that the custody of the son be awarded to her, also for an allowance of alimony and counsel fees pendente lite, and on final hearing an allowance for separate maintenance of herself and minor son. In October, 1941, complainant filed his answer to the cross-bill.

In April, 1942, the wife filed her motion for a reference to ascertain and report a proper allowance for alimony for herself and the support of their minor son, pendente lite, and an allowance for a solicitor's fee pendente lite. An order of reference was entered on the same date.

A reference was held wherein the testimony took a wide range, not only as to the financial status of the parties, but upon the merits of the issues raised by the pleadings.

Within a month after the order of reference, the register made his report finding the complainant owned an estate set out in some detail of quite substantial value, that respondent had no property or estate of any kind, and reported a reasonable allowance for alimony pendente lite would be $40 per month, and a rea-

sonable allowance for solicitor's fee pendente lite $150.

Exceptions to the register's report were duly filed by complainant. No submission was then had thereon. The parties proceeded to take further testimony on the main case.

On December 11, 1942, the cause was submitted on the report of the register, with exceptions thereto, and on pleadings and proof for final decree.

On March 11, 1943, the court rendered his final decree granting complainant a divorce dissolving the bonds of matrimony as prayed. The decree proceeded to overrule the exceptions to and confirm the report of the register, and thereupon decreed an allowance to the wife for the support of herself and son of $40 per month, beginning April 1, 1943, and continuing until further orders of the court. The decree further awarded $150 for services rendered by the wife's solicitor in the cause.

Complainant appeals and assigns for error the allowance for alimony, the allowance for solicitor's fee, and denial of the prayer of the father for the custody of their son, Billie.

The decree for alimony was not an allowance "pending a suit for divorce" under Code, Title 34, § 30. Such allowance, in the nature of it, is not one to be awarded on final decree granting an absolute divorce. It is intended to support the wife pending the suit, pending the rendition of a final decree, wherein the question of permanent alimony is determined. The present statute limits the duration of temporary alimony to a period not longer than necessary for the "prosecution of her bill for divorce." This quoted clause discloses a purpose to end the practice of filing a bill of divorce by the wife with the view of getting alimony and attorney's fees pendente lite, then delaying a final hearing on the merits.

The allowance here decreed was an allowance to the wife out of the estate of the husband on granting a decree of divorce—permanent alimony under Code, Title 34, § 31. Such allowance, when a divorce is granted the husband for misconduct of the wife, "must be regulated by the ability of the husband and the nature of the misconduct of the wife." Title 34, § 33, Code.

Appellee argues that the court, having confirmed the report of the register, should have rendered a decree for accumulated sums due as alimony pendente lite from the date of the report, and asks this court to here modify the decree to include such allowance. Appellee further argues that on the evidence in the cause the court should not have granted the husband a divorce on the ground of voluntary abandonment, and this court should reverse the decree in that regard.

These questions are not here for review. The appellee took no appeal, made no cross-assignment of error. Ex parte Bragg, 241 Ala. 214, 2 So.2d 393, relied upon by appellee, is not an authority for the reversal or modification of the decree as insisted. That case was an original mandamus suit in this court seeking to vacate a decree awarding alimony and counsel fees pendente lite in a divorce suit by the husband. The mandamus was granted modifying the decree, or vacating it to the extent it was held erroneous. That case did not deal with appeals as here. Moreover, at that stage it was impossible to give the wife and Billie the benefit of support during the more than a year and a half the suit was pending, during which they had carried on as best they could.

What was decreed on final hearing could accrue for future use only. It was for the court, in his judicial discretion, by the express terms of the statute, to consider "the ability of the husband" to meet the payments as decreed.

Appellant insists that there was error in confirming the report of the register, founded upon a state of facts presented to the register, when the court now having the full picture before him, rendered no decree for alimony pendente lite, but proceeded to decree permanent alimony on the basis reported by the register, and a fee for counsel on the same basis.

In rendering a decree confirming or rejecting the report of the register, the court simply followed the submission. The parties submitted on the report of the register and exceptions thereto along with the pleadings and proof for final decree, all disclosed by their notes of testimony.

█ We take it the court dealt with the case as submitted, and his final allowance of alimony and counsel fee was based upon a consideration of the whole record. At any rate, he should not be reversed unless upon the entire record we find error in his decree.

█ In the recent case of Ex parte Austin, 15 So.2d 710,[1] considered by the full court, we reviewed our former decisions, and announced principles governing alimony pendente lite, and counsel fees for the wife in a suit for divorce by the husband, having in view our present statutes making an allowance of temporary or permanent alimony a matter of judicial discretion. We cite that case, and authorities there cited, without restatement of our holdings. The notion that a decree of divorce on the ground of voluntary abandonment should be deemed a forfeiture of a right to permanent alimony is untenable. Ex parte Bragg, supra, definitely holds otherwise as to alimony pendente lite. Such notion is expressly negatived by the statute, Title 34, § 33, dealing with permanent alimony where the divorce is in favor of the husband for misconduct of the wife. The nature of the misconduct of the wife is for consideration as an aid to judicial discretion in deciding whether the wife should have alimony on divorce and, if so, the amount thereof. Other considerations, such as years of living and toiling together in mutual effort to make a home, accumulate something by sacrifice of comforts as well as luxuries; the interruption of this way of life by debilities not the fault of either, as well as all the events of the years to follow leading to the final severance of the family relation, become a part of the picture to be viewed as a whole in deciding the best thing to be done.

The record contains more than six hundred pages. To discuss the evidence would serve no good purpose.

We do think it proper to say no question of sex relations by either party with any third person is involved. Not a reflection upon either husband or wife in this regard appears in the record. The events following a breakdown of the husband's health in 1934, a long and difficult period for both of them, furnish the subject matter of conflicting evidence, and the widely divergent inferences so earnestly insisted upon by counsel. We have had the benefit of oral arguments and carefully prepared briefs, and have carefully considered the entire record.

---

[1] Ante, p. 22.

The grave charge that the wife, in conspiracy with others, for mercenary reasons and to be rid of her husband, unlawfully caused him to be forcibly detained for some year and a half in a Veterans Hospital at Gulfport, Mississippi, is made the chief basis for the insistence that the wife forfeited all claim for alimony.

The evidence does not sustain this view, evidently deeply imbedded in the mind of the husband. That her conduct throughout had no regard to the husband's well-being and was not directed by advice of those to whom she should look, cannot justly be found from this record. Happily, it appears that finally the husband's health and ability to carry on his business has been restored.

 There was no error in decreeing alimony and solicitor's fee for the wife. Ex parte Austin, supra. The husband, being the owner of farm and timber lands, and income-bearing town property, all of assessed value of $4400, a valuation sustained by other evidence, and the wife being without an estate or income, the monthly allowance to the wife of $40 for the support of herself and Billy was surely not excessive. The attorney's fee was quite moderate in view of this litigation.

Touching the custody of the son, Billy, appellant relies upon Code Title 34, § 35, dealing with the custody of children on decree of divorce, and concluding: "But in cases of abandonment of the husband by the wife, he shall have the custody of the children after they are seven years of age, if he is a suitable person to have such charge."

This statute has long been declared as expressive of a general policy, but subject to the rule that the paramount consideration is the welfare of the child. See annotations to above sections; James v. James, 242 Ala. 140, 5 So.2d 616. Billie, examined as a witness after arriving at fifteen years of age, expressed an unequivocal desire to remain with his mother. In this connection we have another statute empowering a minor over fourteen to nominate his own guardian, if a suitable person. See Code, Title 21, §§ 2, 3. These statutes, like the divorce statute, still leave the custody of the children subject to the paramount jurisdiction of the court of equity as the best interests of the child shall appear.

Without going into details, we conclude the court properly awarded the custody of Billy to the mother.

We commend Billy for his industry and resourcefulness in working after school hours and other available time to aid in the support of his mother and himself after his father ceased to aid them in the spring of 1941. His attendance and progress at school is creditable under all the conditions.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.

