28 So.2d 409

**BLANKENSHIP v. BLANKENSHIP.**

**6 Div. 498.**

Supreme Court of Alabama.

Dec. 19, 1946.

Ingram Beasley, of Birmingham, for appellant.

Manuel Levine and Harvey Deramus, both of Birmingham, for appellee.

LAWSON, Justice.

Edward K. Blankenship, appellant, filed this bill in equity against his wife, Blanche, from whom he is separated, to secure the custody of Michael Edward Blankenship, the six-year-old son of the parties.

The evidence was taken orally in open court when the parties and witnesses were present and testified, resulting in a decree awarding the custody of Michael to his mother and giving complainant, the father, the right of reasonable visitation at all reasonable times and places. From that decree the complainant (father) has prosecuted this appeal. However, he does not here contend that he be awarded the exclusive custody of the child although he insists that the evidence would justify such a decree. Complainant does earnestly insist that he be given partial custody.

Therefore, the principal question for decision is whether or not, under the facts of this case, the father (complainant) is to be given partial custody of Michael Edward Blankenship, the little boy who is the center of this controversy between his parents.

By a long line of decisions of this court, as well as the courts of other states, the rule is definitely established that the paramount or controlling consideration in dealing with the custody of a child is its welfare. Citation of a few cases will suffice. Sneed v. Sneed, Ala.Sup., 26 So.2d 561;[1] Jackson v. Farmer, 247 Ala. 298, 24 So.2d 130; Chandler v. Whatley, 238 Ala. 206, 189 So. 751; Butler v. Butler, 222 Ala. 684, 134 So. 129; Thomas v. Thomas, 212 Ala. 85, 101 So. 738.

No exact formula or rule has been or can be devised which can be used in every case to determine what is for the best interest of a child. Each such case must be decided on its own peculiar facts and the personalties therein involved. Sneed v. Sneed, supra; Jackson v. Farmer, supra; Chandler v. Whatley, supra.

As far as the evidence in this record discloses, complainant and respondent are both of good character. Neither claims the other is morally or physically unfit to have the custody of the child. Both of them are employed and the income of each appears to be adequate to care for Michael's needs. Edward (complainant) lives with his parents in the City of Birmingham, where he now works. Blanche (respondent) works in Birmingham but she and Michael live with her parents in Chalkville,

a rural community located near Birmingham. The grandparents on both sides are shown to be good and respectable people, in moderate circumstances, with comfortable homes, and all of them as far as we can see would do their best for Michael.

We have given a very careful consideration to the evidence in all of its phases. But out of consideration for all those concerned in this litigation, we refrain from setting out a full and detailed account of the marital life of the parties to this suit. Rhodes v. Lewis et al., 246 Ala. 231, 20 So. 2d 206. Suffice it to say that except for a few weeks they have not lived together as man and wife since September, 1940, when Michael was only three weeks old. He has been in the custody of his mother, living at the home of her parents, since that time.

Complainant recognizes the rule in this state to the effect that other things being equal, the mother of a child of tender years is best fitted to bestow the affection, care, companionship and early training suited to its needs. Gayle v. Gayle, 220 Ala. 400, 125 So. 638; Long v. Long, 239 Ala. 156, 194 So. 190; Goldman v. Hicks, 241 Ala. 80, 1 So.2d 18; Hammac v. Hammac, 246 Ala. 111, 19 So.2d 392. He insists, however, that the evidence shows that he is in every way a suitable person to have the custody of his son, to provide for his welfare, and that inasmuch as respondent is to blame for the separation and has refused to live with complainant despite his recent efforts to bring about a reconciliation, he (complainant) should have been given at least partial custody of Michael. In support of this contention reliance is had upon the following decisions of this court: Bryan v. Bryan, 34 Ala. 516; Anonymous, 206 Ala. 295, 89 So. 462; Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580; Allen v. Allen, 239 Ala. 116, 194 So. 153.

The question as to who was at fault in bringing about the separation is a pertinent inquiry. Sparkman v. Sparkman, supra; Anonymous, supra. But we are unable to say at this distance and from the state of this record that the respondent (mother) is solely to blame for the separation. Likewise the evidence is not convincing to the effect that complainant since his return to Birmingham has provided a home for his wife and son. Moreover, in the case of a child of tender years circumstances may be such as to convince the court that the best interest of a child demands that its custody be awarded to the mother, though she be at fault in the separation. McLellan v. McLellan, 221 Ala. 363, 129 So. 1; Thomas v. Thomas, 212 Ala. 85, 101 So. 738; Brown v. Jenks, 247 Ala. 596, 25 So.2d 439; Bosarge v. Bosarge, 247 Ala. 667, 26 So.2d 73.

That the welfare of the child is the paramount consideration is shown by the construction placed on § 35, Title 34, Code 1940, which section deals with the custody of children on decree of divorce, and concludes: "But in cases of abandonment of the husband by the wife, he shall have the custody of the children after they are seven years of age, if he is a suitable person to have such charge." In Bosarge v. Bosarge, supra, said section was construed as indicating a policy favorable to the mother's custody until the child is at least seven years of age. In Cronin v. Cronin, 245 Ala. 309, 16 So.2d 714, the husband was awarded a divorce on the ground of voluntary abandonment by the wife. The custody of their fourteen-year-old son was awarded to the mother in spite of the terms of § 35, Title 34, supra. We affirmed the decree of the lower court, saying [245 Ala. 309, 16 So.2d 716]: "This statute [§ 35, Title 34, Code 1940] has long been declared as expressive of a general policy, but subject to the rule that the paramount consideration is the welfare of the child."

In the recent case of Sneed v. Sneed, supra [26 So.2d 562],[1] it was said that "divided custody is not wrong in principle if the best interests of the child are thereby subserved." But we do not believe it would necessarily be to the best interest of this child that his custody be divided between his mother and father. He is barely six years old. He has never lived in a home furnished by his father. Both of his parents are working. He has lived in the home of his maternal grandparents practi-

---

[1] Ante, p. 88.

cally all of his life and it has been his grandmother who has administered to him while his mother was at work. Circumstances have been such that he has seen very little of his paternal grandparents and the responsibility for his well-being would be theirs if complainant should obtain his custody.

As before pointed out, the evidence was taken orally before the trial judge. He had the parties and the witnesses before him. This is a distinct advantage and a course which should be pursued whenever possible in passing on such a delicate issue.

The personality of the parties, their bias, their demeanor, manner and reactions when confronted by opposing witnesses are great aids. It is this type of case which calls for the application of a strong presumption in favor of the findings of the trial judge.

Michael seems to be well cared for as presently situated and we cannot say that the trial court erred in, at this time, awarding his exclusive custody to his mother. We have carefully considered the authorities cited by counsel for complainant and we find nothing in those cases out of harmony with the conclusion herein reached. They merely tend to illustrate the oft-repeated rule that each case of this kind must be determined from its own peculiar facts. The decree makes provision for the father to see and visit Michael at all reasonable times and places and the trial court, of course, has full power to see that no unwarranted obstacles shall prevent complainant from visiting with his son.

A decree awarding the custody of a child is at all times subject to alteration by virtue of changed conditions regardless of whether or not it contains express provision therefor. White v. White, 246 Ala. 507, 21 So.2d 436.

The refusal of the trial court to permit complainant to go into a detailed comparison of the city and county school systems in Jefferson County was not reversible error. The locations of the schools in relation to the homes of the parents of complainant and respondent were shown.

We have reached the conclusion that no justifiable ground exists for a disturbance of the decree rendered. It will accordingly be here affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and FOSTER, and STAKELY, JJ., concur.