34 So.2d 460

### ROEBUCK v. HOOIE et al.

### 8 Div. 393.

Supreme Court of Alabama.

Feb. 19, 1948.

Rehearing Denied March 18, 1948.

Bradshaw & Barnett, of Florence, for appellees.

Potts & Young, of Florence, for appellant.

GARDNER, Chief Justice.

This case involves the very delicate and difficult question as to the custody of a child, a girl now nine years of age. In June, 1944, on a bill by the husband J. P. Hooie seeking divorce from his wife Carrie

Daphene Hooie on the ground of adultery, the judge of the Law and Equity Court of Lauderdale County, exercising equity jurisdiction, granted a decree of divorce and awarded to the father the custody of the child. The wife was then living in Georgia and the decree was rendered on a decree pro confesso and testimony in support of the averments of the bill. But the husband, J. P. Hooie, had no place of his own or home for the child and since that date, by his arrangement, this girl has been in the home of the father's brother, John A. Hooie, Jr., at Rogersville, in Lauderdale county.

In April, 1947, the mother, now Mrs. Daphene Roebuck, wife of Ralph Roebuck of Jasper, Florida, filed a petition in said Law and Equity Court seeking the custody of her daughter Gwendolyn Faye Hooie, and that the decree of June, 1944, be so modified in this respect. We have stated the mother is the wife of Ralph Roebuck for the reason the proof is undisputed this couple have since December 1945 consummated a common law marriage, fully recognized by the laws of Florida. Orr v. State, 129 Fla. 398, 176 So. 510. The proof is without contradiction that Ralph Roebuck has a substantial position with the agricultural department of that State, owns farm property of the value of $2500 to $3000, and is anxious that this petition be granted. He so testified, and his immediate superior official came to testify to his good character, as did, also, an attorney of Jasper, who lives across the street and knows both Ralph and his wife well. He testified he came, not as an attorney, but as a friend and because Mrs. Roebuck was so very anxious to have the care and custody of her daughter. Both he and Ralph's superior official testified that the couple had in Jasper a most excellent reputation. They lived near to and attended church and Mrs. Roebuck took interest in the Woman's Club meetings, and the attorney states that this couple is "outstanding there."

The evidence clearly discloses Mrs. Roebuck's love for this child and her anxiety to have her live with them, and Ralph's entire willingness to assume such responsibility. Mrs. Roebuck's testimony is without dispute that the father has not spent more than thirty days with the daughter since the decree of divorce. The father's business requires his presence elsewhere and he now resides in Columbus, Georgia. The petition here avers that John A. Hooie, Jr., is addicted to the habitual use of intoxicating beverages and that his home is not a suitable one for the child. The answer makes no denial concerning the charge of habitual use of intoxicants.

Upon conclusion of petitioner's proof, defendants' motion to exclude all the evidence offered, was sustained and the petition dismissed. Though this practice has been criticized (Johnson v. Shook & Fletcher Supply Co., 245 Ala. 123, 16 So.2d 406) yet it is permitted in some instances, as illustrated by Dorough v. Alabama Great Southern R. Co., 221 Ala. 305, 128 So. 602, where the holding was to the effect if plaintiff's proof fails to make out a prima facie case of recovery, a motion to exclude will not present error to reverse. But that principle can have no application to a cause of this character, involving the custody of a child, a ward of the court. Chandler v. Whatley, 238 Ala. 206, 189 So. 751, 753. Indeed, the chancellor, in fixing a date for the hearing, ordered John A. Hooie, Jr., and his wife to have the child in court, and the chancellor was clothed with authority, if he saw fit, to examine the child and, indeed, others, if he deemed necessary, on this important matter, and regardless of the determination of counsel in that regard. This grows out of the relationship existing, that the equity court was, as stated in Chandler v. Whatley, supra, "the general guardian and protector" of this child.

It is evident the chancellor acted upon the theory there had been shown no changed condition since the rendition of the decree of June, 1944.

So far as petitioner's previous misconduct, that is a matter foreclosed by the divorce decree, and no occasion has here been shown for a re-opening of that matter. White v. White, 247 Ala. 405, 24 So.2d 763.

But under the proof before the court there has been a changed condition. Whatever may be said concerning petitioner when the decree was rendered in

June, 1944, the undisputed evidence before the court disclosed that she and her present husband hold an excellent reputation in their home town, and petitioner is now prepared to properly care for her child. In addition the petition alleged, and we find no denial, that John A. Hooie, Jr., is a habitual user of alcoholic beverages and his present home is not a suitable place in which to rear the child. Our authorities recognize that changed conditions, of which some of our cases speak, include matter discovered and not disclosed when the original decree was entered. This was pointed out in Greene v. Greene, 249 Ala. 155, 30 So.2d 444 and Sparks v. Sparks, 249 Ala. 352, 31 So.2d 313. We recognize the seriousness of the charged misconduct in the past, yet as said in Anonymous, 55 Ala. 428, "No ban of exclusion is imposed, because of the dereliction of the party guilty of a violation of marital vow and duty." And, an illustrative case, also, is Padgett v. Padgett, 248 Ala. 234, 27 So.2d 205.

■ So far as appears from this record the contest is between the mother on the one hand and John A. Hooie, Jr., and wife on the other, as the father of the child is rarely present. He has of necessity committed to his brother and wife the care, custody and control of his daughter. Of course all the authorities are to the effect that the welfare of the child is the question of paramount importance, and our cases further disclose as between the mother and strangers the former is to be preferred, upon the theory, as often expressed "mothering of a young child is one of its rights. None but the real mother can meet this high duty in full measure." Goldman v. Hicks, 241 Ala. 80, 1 So.2d 18.

Speaking to the question of a choice between father and mother in the case Anonymous, 55 Ala. 428, supra, the court made observations that have application here, where in the opinion it was observed: "Another material consideration is, that if the child is committed to the care of the appellant, he must rely on his mother, or sister, to take care and superintendence of it. However well fitted they may be for the training of children, their fitness is not superior to that of the mother; and it is

apparent their influence would result in the estrangement from her, if possible, of the affections of the child." Discussing the claim of the parent (father in that instance) as against strangers, this court in Chandler v. Whatley, supra, quoted approvingly from Striplin v. Ware, 36 Ala. 87, the following: "Where a contest for the custody of a child arises between its father or mother and a third person, the superior claim of the parent ought not, in our opinion, to be disturbed, unless it plainly appears that the interests of the child require it to be set aside."

It is clear from what was said by the chancellor that he considers the present home of John A. Hooie, Jr., the permanent home and that as no evidence was offered that it was not a suitable and proper place for the child petitioner was entitled to no relief. This overlooks the superior claim of the parent, the mother, over that of third persons, and, also, overlooks the charge of habitual use of intoxicating liquors by John A. Hooie Jr., which was not denied. Nor does it give any weight whatever to the charge of the petition, undenied, that the daughter, now nine years of age, desires to live with petitioner. Nor does it give weight to the irreproachable reputation petitioner and her husband have established in their present home in Florida.

■ Upon consideration of the entire cause we are of the opinion the claim of this mother for the custody of the child should prevail. The fact that the chancellor saw and heard the witnesses is not here of material moment. It is our view he has erred, not so much in his finding of facts, as in the application of sound principles of law thereto. Chandler v. Whatley, supra.

We were first impressed that the cause should be here finally determined and the reversal and remandment should be with directions for a final order. But upon reconsideration on application for rehearing we have concluded that by an error of law full trial of the cause was forestalled and that we should not here enter a final order, but reverse the decree and remand the case to the court below for consideration upon a full hearing.

The judgment here entered will be so modified and the application for rehearing overruled.

Reversed and remanded.

FOSTER, LAWSON and STAKELY, JJ., concur.