60 So.2d 145

**LEWIS et al. v. LEWIS.**

6 Div. 421.

Supreme Court of Alabama.

June 30, 1952.

Chas. E. Tweedy, Jr., and Jim Beach, Jasper, for appellants.

T. K. Selman and Thomas Leon Beaird. Jasper, for appellee.

LAWSON, Justice.

This case involves the very delicate and difficult question of the custody of two young boys, one five, the other two years of age. The contesting parties are the mother and the paternal grandparents, in whose home the children lived from January 9, 1950, until August 10, 1951, when the decree appealed from was rendered.

The proceeding instituted by the mother against the paternal grandparents resulted in a decree awarding custody of the children to the mother for three weeks out of each month and to the paternal grandparents one week out of each month until they reach school age, when they shall be in the custody of their mother during the school months and in the custody of their paternal grandparents during vacation. From such decree the paternal grandparents, respondents below, have appealed to this court.

The welfare of the child is the paramount and controlling consideration

where a question of custody is involved. Meares v. Meares, 256 Ala. 596, 56 So.2d 661; Ex parte Ingalls, 256 Ala. 305, 54 So.2d 288; Blankenship v. Blankenship, 248 Ala. 489, 28 So.2d 409, and cases cited.

No exact formula or rule has been or can be devised which can be used in every case to determine what is for the best interest of the child. Each case where that question is involved must be decided on its own peculiar facts. Blankenship v. Blankenship, supra.

We have said that where a contest for custody of a child arises between its father or mother and a third person, the superior claim of the parent ought not to be disturbed unless it plainly appears the interest of the child requires it to be set aside. Chandler v. Whatley, 238 Ala. 206, 189 So. 751; Roebuck v. Hooie, 250 Ala. 363, 34 So.2d 460. We have usually followed the rule to the effect that, other things being equal, the mother of a child of tender years is best. fitted to provide the affection, care and companionship and early training suited to its needs. Blankenship v. Blankenship, supra; Thomas v. Thomas, 212 Ala. 85, 101 So. 738. Of course, these so-called rules of priority cannot have application where the unfitness of the parent is shown. Hammac v. Hammac, 246 Ala. 111, 19 So.2d 392; Hanby v. Hanby, 229 Ala. 527, 158 So. 727; Johnson v. Johnson, 215 Ala. 487, 111 So. 207.

A decree of divorce in favor of the husband on the ground of adultery on the part of the wife has been said to be conclusive, as between the parties, of the wife's marital misconduct and her unfitness to have the care and custody of the child. Johnson v. Johnson, supra; Hanby v. Hanby, supra. But those cases are not authority for the proposition that upon a showing of changed conditions and the reformation of the mother she may not be entitled to the custody of the child. See Roebuck v. Hooie, supra; Kieffer v. Heriard, La.Sup., 58 So.2d 836.

In October, 1943, Carl Lewis, the son of appellants, and Mary Alice Lewis, nee Caddell, were married. They made their home in the Coon Creek Community in Walker County, where they lived next door to the husband's parents. Carl Lewis' sister, Vera, her husband, Raz Williams, and their six or seven children lived near by.

The children of Carl and Mary Alice Lewis, involved in this proceeding, were born December 23, 1945, and January 13, 1949. Mary Alice Lewis, until a short time prior to January 9, 1950, seems to have been an attentive mother and a good housekeeper, although her relationship with her husband was not without discord. A difficulty arose between the couple on, to wit, January 9, 1950, and the wife left the home of her husband and went to that of her parents, Mr. and Mrs. Caddell, who lived three to five miles away. Within a few weeks thereafter it appears that Mary Alice Lewis filed suit for divorce in the circuit court of Walker County, in equity, against her husband, charging cruelty. In this suit she sought custody of the children. The record here does not show what final disposition was made of this suit, but it does appear that some order was entered by the court awarding the custody of the older boy to the father, with custody of the younger, who was just a little over one year of age, to the mother. The father and the older boy, Kenneth, moved into the home of the father's parents, Paul and Cora Lewis, the appellants in this case. The mother and the younger son, Lovell, went to the home of her parents. Within a few weeks time Lovell was left at the home of Paul and Cora Lewis by the brother of Mary Alice Lewis. From that time until the decree in this case was rendered both children have been in the home of appellants.

As we understand the record, appellee, Mary Alice Lewis, filed a suit for divorce against her husband, Carl Lewis, in the county court of Walker County, in equity, on December 28, 1950, charging cruelty. She did not seek custody of the children, but agreed it should be given to the father. If we read the record correctly, on the same day the bill for divorce was filed the decree was rendered granting Mary Alice Lewis a divorce on the ground charged and awarding custody of the two young boys to their father, Carl Lewis, with the

right to the mother of visiting with and seeing them at all reasonable and proper times. Carl Lewis did not oppose the wife's suit for divorce on the ground that she herself was guilty of conduct which would entitle him to a divorce or would preclude her right to a divorce.

In March, 1951, Carl Lewis, the father of the children, was killed. The mother immediately requested her former husband's parents to let her have the children. They did not comply with her request. Her efforts to obtain the children resulted in warrants of arrest being taken out by both families.

This proceeding was instituted in the county court of Walker County, in equity, on July 2, 1951, by the filing of a petition wherein the petitioner recited the facts relative to her marriage to and divorce from Carl Lewis; that he had been awarded the custody of the children; that he had died; that the respondents, Paul and Cora Lewis, were keeping the children against the will of petitioner, their mother; that the respondents were not fit and proper persons to have the custody of the children and that they were teaching the children to hate their mother.

The respondents by way of answer to the petition recited the circumstances whereby the children were in their home. They averred that they were fit and proper persons to have the custody of the children. They further averred that the petitioner, although the mother of the children, was not a fit and proper person to have their custody in that her general reputation was bad; that prior to her separation from Carl Lewis she had been running around with Raz Williams, the husband of her husband's sister, and as a result thereof broke up her home and that of Raz Williams; that she had been living in adultery with Raz Williams and had given birth to a child by him, which child she has in her possession, and if the custody of the children by Carl Lewis be awarded her they will be forced to live with her child by Raz Williams, to their detriment and harm.

As before shown, in a contest between a parent and a third person over the custody of a child, the parent usually prevails, this on the theory that the best interest of the child will be secured by putting it in the care of its own parent. But, of course, if the parent is an unfit person to have the custody, then the child's best interest would not thereby be served. So in this case the real question of fact is whether the mother is a fit person to have the custody of these two small boys.

By her own testimony given on her direct examination the mother admitted that in March, 1950, while still married to Carl Lewis, though separated from him, she became pregnant as a result of sexual intercourse with Raz Williams, her husband's brother-in-law. She gave birth to a child in an Atlanta hospital on December 15, 1950. Her infidelity was not an issue of the divorce proceedings which culminated in the decree of December 28, 1950, and that decree awarding custody of the children to the husband does not preclude inquiry of her previous conduct as it tends to bear on the question of her fitness to have the custody of the children.

While the trial court would not permit respondents to show by direct proof that an adulterous relationship existed between Mary Alice Lewis and Raz Williams prior to January 9, 1950, the day on which they both left their respective families, nor the full extent of that relationship thereafter, we are of the opinion that a careful review of all the evidence in this case renders inescapable the conclusion that their homes were broken up because of their conduct. Carl Lewis had accused appellee of an improper relationship with Raz Williams. This she denied. But the fact remains that appellee and Raz Williams left their families on the same day and over a period of several months were together in this and distant states and that as a result of their relationship appellee gave birth to an illegitimate child. We are constrained to the conclusion that appellee's infatuation for Raz Williams was so strong that she was willing to give up her children to be with him.

This conduct shows appellee's relative unfitness to have the care and custody of the children. Johnson v. Johnson, supra; Hanby v. Hanby, supra.

No doubt the trial court based its decree on a finding that appellee has reformed to such an extent that she is now a fit and proper person to have custody of the children and hence it would be to the best interest of the children that they be placed in her charge. Roebuck v. Hooie, supra; Kieffer v. Heriard, supra.

There is testimony to the effect that since the birth of her child in December, 1950, appellee has been living in the home of her parents, where she has conducted herself with propriety. While she admitted that at one time she thought she was in love with Raz Williams, she stated that she no longer cared for him and did not know where he was, although she admitted that in April, 1951, a short time before this proceeding was instituted, she and Raz Williams and their baby were together in Jasper. She further stated that, while she would not permit Williams to come to her parents' home, she would again take the child to him if he expressed a desire to see him.

Appellee's parents are shown to be respectable people and they both expressed a willingness and a desire to have appellee and her children in their home and to assist appellee in seeing that they are properly raised.

In view of the reprehensible conduct of appellee, evincing, as it does, such a lack of concern for the welfare of her children, and the short length of time which has elapsed, we do not believe the evidence is sufficient to support a finding that it would be to the best interests of the children that they be placed in the custody of appellee.

The children have been in the home of their paternal grandparents since January 9, 1950. They have lived next door to their paternal grandparents all of their lives. While there is some evidence in the record tending to show that in years gone by both of the paternal grandparents have been guilty of indiscretions, we feel that they are fit and proper persons at this time to administer to the needs of the children and to have their custody.

We are fully mindful of the fact that the testimony was taken orally and that the trial court saw and heard the witnesses and observed the personalities of the parties. Still, there is little contradiction in the testimony touching on the material issue in the case. In such a situation this court should render such decree as should have been rendered by the trial court, notwithstanding the presumptions which favor upholding the decree of the trial court. Goldman v. Hicks, 241 Ala. 80, 1 So.2d 18.

The decree of the trial court is reversed and one will be here rendered awarding custody of the said minor children to their paternal grandparents, Mr. and Mrs. Paul Lewis, to be kept by them within the jurisdiction of the county court of Walker County, in equity, unless otherwise ordered by said court. The mother, Mrs. Mary Alice Lewis, has the privilege of visiting the children in the home of their grandparents at reasonable hours.

The cause is remanded to the county court of Walker County, in equity, for such further orders as the welfare of the children and the circumstances of the parties may justify. Hanby v. Hanby, supra. Let the appellee pay the costs of the appeal.

Reversed, rendered and remanded.

FOSTER, SIMPSON, and STAKELY, JJ., concur.