63 So.2d 560

## RUSHING v. RUSHING.

### 5 Div. 556.

Supreme Court of Alabama.

Feb. 26, 1953.

A. B. Foshee, Clanton, for appellant.

Omar L. Reynolds and Reynolds & Reynolds, Clanton, for appellee.

MERRILL, Justice.

This is an appeal from a decree overruling demurrers to a petition or supplemental bill filed in the Circuit Court, in Equity, of Chilton County, Alabama, in the divorce proceedings of William T. Rushing against Toy A. Rushing.

The petition or bill alleges in part that the parties were divorced by a decree rendered on December 14, 1944. The decree, a copy of which is exhibit "A" to the bill, granted the custody of the two year old daughter of the parties to the complainant and complainant's mother. The ground for divorce was adultery of the respondent, the petitioner and appellee. The bill or petition further alleges that the child was in the custody, control and possession of the petitioner at frequent intervals from the date of the decree until May 23, 1950, when the father and petitioner (the mother) executed an agreement whereby the petitioner should have the full custody, control and possession of the child. A copy of this agreement is exhibit "B" to the petition or bill. Petitioner further avers

that she has remarried and lives in Chester, South Carolina; that the child is happy and contented; well cared for and attends school regularly; that petitioner and her husband enjoy a good reputation and that they have sufficient income for the support, maintenance and education of the child; that petitioner's home is a fit ·and suitable home for the care of the child; and that the child has been in the exclusive custody, possession and control of the petitoner from May 1950 to September 1952. . The petitioner further avers that the home of the paternal grandmother is not a suitable home for the child, and that the home of the father, who has remarried, is not a suitable home for the child; and, further, that on September 9, 1952, the father took the child out of school and brought her to Clanton, Alabama, route one, without the knowledge or consent of the petitioner. The prayer of the bill or petition asks for the custody, but not ·support, of the child, and requests that the original decree be modified to that extent.

Appellant's demurrer and the argument in brief point up the proposition that where a husband was granted a divorce because of the adultery of the wife, the decree was held conclusive as between the parties of the wife's unfitness to have the care and custody of their child so long as the status at the time of the decree remains· without material change, and that the burden is on the parent seeking a change of custody to show some change of the conditions or other substantial reason therefor. In Hardy v. Hardy, 250 Ala. 297, 34 So.2d 212, 213, this Court stated as follows:

> "It is of course well settled in this jurisdiction that when a divorce decree embraces the subject of infants' maintenance or custody, the chancery court, without reservation of power, may on change of circumstances at any time thereafter modify its decree to meet changed conditions. Bridges v. Bridges, 227 Ala. 144, 148 So. 816. It was also held in the Bridges case that 'any pleading which shows up on its face that the welfare of an infant

requires an order in respect to its custody and support is sufficient.'

> "It is equally well settled in this State that in proceedings involving the custody of children, mere legal niceties are not favored in proceedings or pleading, and the court is not bound by any strict rules of pleading, or procedure, Buttrey v. Buttrey, 214 Ala. 465, 108 So. 35; Murphree v. Hanson, 197 Ala. 246, 72 So. 437; Tillman v. Walters, 214 Ala. 71, 108 So. 62."

And in Lewis v. Lewis, 257 Ala. 565, 60 So.2d 145, 146, it is said:

> "The welfare of the child is the paramount and controlling consideration where a question of custody is involved. Meares v. Meares, 256 Ala. 596, 56 So.2d 661; Ex parte Ingalls, 256 Ala. 305, 54 So.2d 288; Blankenship v. Blankenship, 248 Ala. 489, 28 So.2d 409, and cases cited. * * *

> "A decree of divorce in favor of the husband on the ground of adultery on the part of the wife has been said to be conclusive, as between the parties, of the wife's marital misconduct and her unfitness to have the care and custody of the child. Johnson .v. Johnson, supra, (215 Ala. 487, 111 So. 207); Hanby v. Hanby, supra, (229 Ala. 527, 158 So. 727). But those cases are not authority for the proposition that upon a showing of changed conditions and the reformation of the mother she may not be entitled to the custody of the child. See Roebuck v. Hooie, supra, (250 Ala. 363, 34 So. 2d 460); Kieffer v. Heriard, 221 La. 151, 58 So.2d 836."

In the instant case the petition showed at least the following material changes in the status at the time of the decree: the remarriage of both parties, the written agreement of the parties that petitioner should have the exclusive control of the child; that the child was being properly trained and nurtured by the petitioner; that petitioner was a person of good character and enjoyed a good reputation in the community in which she resided; and that

neither of the homes of the persons to whom the custody of the child was granted in 1944 is a fit and suitable place for the rearing, training and education of the child.

The demurrers were properly overruled.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.