JUAN RAMÓN RODRÍGUEZ, Plaintiff and Appellant, *v.* NILDA ESTRELLA GERENA, Defendant and Appellee.

No. 11064. Argued February 1, 1954.—Decided February 8, 1954.

---

*José Veray, Jr.,* for appellant.    *Luis A. Garrastegui* for appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

Appellant herein obtained a divorce decree against his wife on grounds of desertion.   In that judgment given by the Superior Court, Aguadilla Part, plaintiff was awarded the *patria potestas* of his minor daughter and defendant the custody of the child;  it ordered plaintiff to pay to defendant a certain sum of money for the support of the child, with costs to defendant but not attorney's fees.   Plaintiff appealed from the adverse pronouncements and from the fact that the defendant was not ordered to pay the fees.   He maintains that the lower court erred, *first,* "in awarding the custody of the daughter. . . to the defendant," and in ordering him to pay her $5 a week for the minor's support;  and, *second,* in not ordering the defendant to pay the attorney's fees.

The lower court did not commit the error charged in the first assignment.   Appellant argues that since § 107

of the Civil Code, 1930 ed., as amended by Act No. 3 of March 21, 1947 (Sess. Laws, p. 4) (he should have referred to Act No. 112 of 1950, Sess. Laws, p. 288), provides that in all cases of divorce "the minor children shall be placed under the care and 'patria potestas' of the party who has obtained the decree...," the trial court could not entrust the mother with the custody of the daughter, nor order plaintiff to pay her an allowance for the child's support.

The provision of the Civil Code invoked by appellant does not defeat or limit the power of the courts to adopt the necessary measures for the custody of the minor children, considering mainly the welfare and best interests of the child. *Cronin v. Cronin*, 16 So. 2d 714, 715, 716, 717 (Ala.) ; *Mott v. Mott*, 232 N. W. 184 (Mich.) ; *In re Knott*, 126 N. W. 1040, 1043, (Mich.). These provisions notwithstanding, a court of justice has power, in the exercise of *parens patriae*, to award the custody of such children to the aggrieved party in an action of divorce, if it is shown that such measure is best for them. Those provisions are expressive of a general policy, which is subject to the rule that the paramount consideration is the public interest in the welfare of the children, "far above any correlative right" to custody. *Chabert v. Sánchez*, 29 P.R.R. 225, 237. The interpretation given them by appellant would lead to the absurdity whereby the custody would inevitably have to be awarded to the successful party, even if the court were convinced that such action would be prejudicial to the children, and would have the effect of revoking the rule for many years wisely laid down by this Court, and which we now reaffirm, that the right to custody is necessarily subject to the exercise by the court of the power of *parens patriae*. *Babá v. Rodríguez*, 36 P.R.R. 453, 455; *Ex parte Maldonado*, 42 P.R.R. 832, 834; *Chardón v. Court*, 45 P.R.R. 604, 607, 608; *Chabert v. Sánchez, supra.*

▮ Although appellant's contention is that because of the mere fact of having obtained the divorce the lower court was bound to place the daughter under his care, we have

examined the transcript of the evidence in order to ascertain whether the court abused its discretion in awarding the custody of the daughter to defendant, since the successful party in an action of divorce can not be deprived capriciously or arbitrarily of the custody of the minors, and we believe there exists no reason to disturb the conclusion of that court which was founded on the child's tender age—she was not yet two years of age when judgment was rendered on February 20, 1953—as well as other circumstances which in its judgment showed that it was advisable for her welfare to award her custody to the mother that a reviewing court will interfere with the trial court's determination on the custody of minor children, it is a general rule only when a clear abuse of discretion is shown. Nelson, *Divorce and Annulment*, 2d ed., Vol. 2, p. 257.

Appellant's contention that the lower court erred in ordering him to pay to the defendant $5 a week for the minor's support, does not call for discussion as it is obviously frivolous.

■ As to the second assignment, appellant's sole contention is that since judgment was rendered in his favor, the court below should have ordered the defendant to pay the attorney's fees. Payment of such fees is decreed whenever the trial court concludes that the losing party has acted obstinately. Since defendant herein was not ordered to pay them, we must presume that the court did not find that she was obstinate.

The judgment appealed from will be affirmed.