97 So.2d 581

**Elizabeth Virginia BOYD**

v.

**George Thomas BOYD.**

**6 Div. 111.**

Supreme Court of Alabama.

Oct. 24, 1957.

Hal W. Howard, Birmingham, for appellant.

478

Fred Blanton, Birmingham, for appellee.

STAKELY, Justice.

A bill of complaint was filed by George Thomas Boyd against Elizabeth Virginia Boyd in the equity court seeking a divorce and the custody of their minor child. The appeal here is from a decree of the equity court overruling the demurrer of Elizabeth Virginia Boyd to the bill of complaint filed by George Thomas Boyd.

■ I. There appear to be two questions in the case. In § 27, Title 34, Code of 1940, it is provided that "no bill can be filed for a divorce on the ground of voluntary abandonment, unless the party applying therefor, whether husband or wife, has been a bona fide resident citizen of this state for twelve months next preceding the filing of the bill which must be alleged in the bill and proved."

In the instant case the word "citizen" is omitted from the bill. It is insisted that this renders the allegations defective as against the demurrer. This court in Gee v. Gee, 252 Ala. 103, 39 So.2d 406, 408, said:

"We know of no principle of law which would prohibit the legislature from enacting such a law as the proviso, applicable only when one or both of the parties is a resident of Alabama when the bill was filed. By residence here we mean domicile, which embraces citizenship. It is firmly established by our decisions that residence in our divorce statutes means domicile. Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510; Caheen v. Caheen, 233 Ala. 494, 172 So. 618. Such was the meaning of residence in section 27, supra, before 'citizen' was added by the Act of March 29, 1933 (see, Acts 1933, Ex. Sess., page 85). We do not think it is of controlling significance that by that amendment 'citizen' was added, and was carried into the amendment adding the proviso of July 6, 1945, whereas a similar amendment to section 29, Title 34, Code, was made, leaving it as it was as to residence. We think that in both instances the term means domicile, as we held it to mean as used in section 28, Title 34. We do not think it is of controlling importance whether a bill uses the word residence alone or adds to it citizenship or domicile. We think and construe it to mean the same whether in pleading or in a statute on that subject."

In accordance with the foregoing decision, the court acted correctly in overruling the demurrer to which reference has been made.

II. We set out the allegations of paragraph 3 of the bill of complaint.

"That there was one child born out of this marriage, namely, Doris Ewing Boyd, born August 9, 1954; that said infant child is now in the care, custody, and control or (sic) respondent; that she is not a fit and proper person to have the continued care, custody and control of said infant child; and that complainant is a fit and proper person to have the care, custody and control of said infant child."

█ It is insisted that the foregoing allegations do not measure up to the requirements of a bill of complaint of the kind now under consideration. This is incorrect, however. Under the Alabama decisions the allegations of paragraph 3 are good as against demurrer. Butler v. Butler, 254 Ala. 375, 48 So.2d 318; Brown v. Jenks, 247 Ala. 596, 25 So.2d 439; McLellan v. McLellan, 221 Ala. 363, 129 So. 1; Scott v. Scott, 247 Ala. 598, 25 So.2d 673.

It results from what has been said that the court acted correctly in overruling the demurrer to the bill of complaint and the decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.