108 So.2d 176

George Thomas BOYD

v.

Elizabeth Virginia BOYD.

6 Div. 265.

Supreme Court of Alabama.

Jan. 8, 1959.

Fred Blanton, Birmingham, for appellant.

Hall W. Howard and D. G. Ewing, Birmingham, for appellee.

MERRILL, Justice.

Appellant filed a bill of complaint seeking a divorce from appellee, his wife on the ground of voluntary abandonment. We affirmed a decree overruling the demurrer to the bill in 266 Ala. 477, 97 So.2d 581. Appellee subsequently filed a cross-bill charging appellant with voluntary abandonment, seeking custody of their child and alimony.

At the trial, the only two witnesses were the husband and wife. The trial court granted the divorce, awarded custody of the child to the wife, and made an award of $175 per month for the support of the wife and child. The husband has appealed.

 The chief complaint of appellant is the amount of the alimony award. For about two years prior to the trial, appellant had been voluntarily sending $200 per month to his wife and child. He is a Major in the U. S. Air Force with gross pay of $682.38 per month and net pay of $585 per month. He had some $3,000 invested in government bonds. The trial court, in the exercise of his discretion, awarded $175 per month and we do not consider that act an abuse of his discretion.

Appellant argues that the decree should be reversed because it does not state which party was at fault, but merely stated that "the bonds of matrimony heretofore existing between the Complainant and Respondent are dissolved, and the said parties are hereby divorced from each other." While we do not recommend the use of that type of language in a decree, and do not here approve it, it is not necessary to decide the question here because appellant has no ground for complaint. He was the complainant, he sought a divorce and the divorce was granted. The rule applicable here is stated in Westbrook v. Bugg, 221 Ala. 343, 128 So. 450:

> "The complainant, by his bill, and the respondents by their cross-bill, each asked for a sale of the property, and which was so ordered by the decree of the trial court, and, as to this, the appellant has no cause for complaint. * * "

See also Hanover Fire Ins. Co. v. Street, 234 Ala. 537, 176 So. 350, and 5 C.J.S. Appeal & Error § 1510.

Moreover, the statutes, Tit. 34, §§ 31, 32 and 33 permit the trial court to award alimony to the wife whether the decree is in her favor or against her; and we have held that the fact that a husband obtained a decree of divorce on the ground of voluntary abandonment did not defeat the right of the wife to permanent alimony. Cronin v. Cronin, 245 Ala. 309, 16 So.2d 714.

There is no merit in appellant's final contention that the court erred in the final decree in not specifying what part of the award is for alimony for the wife and what part is for support and maintenance of the child. The trial court could have so specified but it was under no compulsion so to do.

We have deliberately refrained from setting out or discussing the history of the marital differences between the parties because it is not necessary and would serve no good purpose.

The decree of the lower court is affirmed.

Affirmed.

LAWSON, STAKELY and GOODWYN, JJ., concur.