600 So.2d 265 (1991)
D.D.
v.
C.L.D.
D.D.
v.
C.A.D., a minor, T.K.J. and C.L.D.
2900250, 2900378.
Court of Civil Appeals of Alabama.
October 4, 1991.
Rehearing Denied November 15, 1991.
Certiorari Quashed April 10, 1992.
*266 James L. Shores and Deidre White Lee, Fairhope, and Sharon R. Hoiles, Robertsdale, for appellant D.D.
Patrick H. Sims of Cabaniss, Johnston, Gardner, Dumas & O'Neal, Mobile, for appellee C.L.D.
Frank McRight of McRight, Jackson, Dorman, Myrick & Moore, Mobile, for appellee T.K.J.
J. Michael Manasco of Manasco & Wise, Montgomery, Guardian ad litem for C.A.D.
Alabama Supreme Court 1910357.
THIGPEN, Judge.
This case involves consolidated appeals from judgments entered in a divorce proceeding *267 and a paternity proceeding. This is the second time these parties have been before this court. See C.L.D. v. D.D., 575 So.2d 1140 (Ala.Civ.App.1991).
Originally, the wife filed an action for divorce against the husband alleging that there were two children born of the marriage. She later amended her complaint to allege that the younger child was not the husband's child but was fathered by T.K.J. Although the husband does not deny paternity, his pleadings also challenge the paternity of the younger child, and in other actions, he claimed damages from the mother and T.K.J. for, inter alia, conspiring to establish paternity in the husband to collect support for the child from the husband through the divorce proceedings. The issues in these appeals concern only the younger child.
The guardian ad litem, who was appointed to represent the interests of the child, filed an action asking the court to determine the child's paternity and to direct the adjudicated father to pay a reasonable sum toward the support and maintenance of that minor child as allowed by the Alabama Uniform Parentage Act (AUPA). Ala.Code 1975, § 26-17-1 et seq. The guardian ad litem's motion to consolidate the paternity action with the pending divorce was granted. Ultimately, the trial court concluded the divorce proceedings by entering its finding that the husband was not the father of the child. At the subsequent paternity hearing, the husband was dismissed as a party by the trial court and T.K.J. was adjudicated the child's father. The husband appealed the divorce and the paternity judgments, and raised numerous issues.
The husband first asserts that the trial court was without authority to exclude him as the child's father in the divorce action. He argues that to exclude him as the child's father in the divorce action has the effect of unnecessarily bastardizing a child, who has a legally presumed father that does not deny paternity. He argues that "Alabama law does not allow the mother of a child with a presumed father by reason of its birth during the marriage to rebut the presumption" and insists that there is no authority entitling a mother to bastardize her child. He maintains that bastardizing a child under these circumstances is not only unnecessary, but, inter alia, is against public policy and destroys the integrity of the traditional family unit. He further argues that dismissing him as a party in the paternity proceeding was improper.
The records in these cases involve extensive pleadings, discovery, arguments, evidence, and testimony from the numerous parties in the consolidated cases. In our thorough and careful review of these voluminous records, we are mindful of the presumption of correctness afforded by the canon regarding conflicting ore tenus evidence. Waid v. Waid, 540 So.2d 764 (Ala. Civ.App.1989); Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985).
Whenever the welfare of the child is concerned and the jurisdiction of the court has been invoked, the court has the inherent power to enter an order regarding the child's custody and support. Dockins v. Dockins, 475 So.2d 571 (Ala.Civ.App. 1985). It has long been established that the welfare of the child is the paramount and controlling consideration where a question of custody is involved. Lewis v. Lewis, 257 Ala. 565, 60 So.2d 145 (1952). The matter concerning the paternity of a child born during the marriage is a proper issue in a divorce action, and the presumption that the husband is the child's father may be rebutted at that time. See Evans v. Evans, 434 So.2d 254 (Ala.Civ.App.1982). This is especially true because a divorce decree which designates a child to be "of the parties" is a paternity determination and precludes the parties from disputing the child's paternity in the future. Stringer v. Sheffield, 451 So.2d 320 (Ala.Civ.App. 1984); See also Soltis v. Soltis, 470 So.2d 1250 (Ala.Civ.App.1985); Julian v. Julian, 402 So.2d 1025 (Ala.Civ.App.1981); Stewart v. Stewart, 392 So.2d 1194 (Ala.Civ.App. 1980). A paternity adjudication in a divorce action, which is necessary for purposes *268 of support and inheritance, is res judicata to the parties in the divorce action, but not binding on the child unless the child is a party. See Ex parte Martin, 565 So.2d 1 (Ala.1989); Ex parte Presse, 554 So.2d 406 (Ala.1989); Collier v. State ex rel Kirk, 454 So.2d 1020 (Ala.Civ.App.1984). In this divorce, one issue properly concerned the younger child's paternity, and because the child was represented, the paternity determination in the divorce binds the child as well. See Martin, supra.
"One of the strongest and most persuasive presumptions known to the law is that a child born to a married woman is presumed to be the legitimate offspring of the husband...." Anonymous v. Anonymous, 472 So.2d 640, 642 (Ala.Civ.App. 1984). There is an extremely heavy burden on one attempting to rebut the presumption that a child born during a marriage is not the child of the husband. Ala.Code 1975, § 26-17-5. See Presse, supra. In order to rebut the presumption, the one attempting the rebuttal must present clear and convincing evidence to show that it is naturally, physically, or scientifically impossible for the husband to be the father. See Leonard v. Leonard, 360 So.2d 710 (Ala.1978); Bishop v. Robinson, 516 So.2d 723 (Ala.Civ.App.1987); Finkenbinder v. Burton, 477 So.2d 459 (Ala.Civ.App. 1985); Anonymous v. Anonymous, 472 So.2d 640 (Ala.Civ.App.1984); Underwood v. Underwood, 460 So.2d 1306 (Ala.Civ.App.1984); Ingram v. State, 364 So.2d 329 (Ala.Civ. App.1978).
In the instant case, the child's guardian ad litem brought an action to determine the child's paternity, which, once established, would serve to protect the child's rights to support and maintenance from the father. The husband maintains that the guardian ad litem could not bring such an action because the child was not "illegitimate." An illegitimate child may be "a child born in wedlock but sired by a man who was not the mother's husband." Leonard, supra; State v. Palmer, 439 So.2d 174 (Ala.Civ.App.1983). The determination of paternity may be necessary for the trial court to properly decide the child's best interest. Soltis, supra; Finkenbinder, supra.
The mother of a child may seek to rebut the strong presumption that her husband is the father of a child born during their marriage. State ex rel. Goodno v. Cobb, 567 So.2d 376 (Ala.Civ.App.1990). In his dissent in Goodno, Judge Robertson relies on Presse to indicate a need to first establish that the husband is not the father of a child born during a marriage before allowing another standing to challenge the child's paternity. We are mindful of the strong public policy considerations which militate against the bastardization of children; however, in this action, i.e., during the divorce action, both parties and the child, via the guardian ad litem, challenged the presumption that the child is the child of the mother's husband, thus all are raising the issue of the child's paternity. Evidence presented concerning the facts and circumstances surrounding the child's conception was presented to the trial court indicating that the husband was not the father of the child. See Evans, supra. Blood tests were requested pursuant to Rule 35, A.R.Civ.P., by the guardian ad litem and the child's mother. The trial court properly exercised its discretion in ordering and considering the results of the blood tests of the mother, the husband, and the child to aid the trial court in determining whether the husband is the father of the child. Balfour v. Balfour, 413 So.2d 1167 (Ala.Civ.App.1982).
In our review of the voluminous records, we find sufficient clear and convincing evidence supporting the trial court's judgment concerning the husband's nonpaternity of the child, and we are not persuaded that the trial court abused its discretion in making that determination. It is axiomatic that because the husband was excluded as the child's father, he would be dismissed as a party to the subsequent paternity proceeding. Thomas v. Callen, 521 So.2d 1322 (Ala.Civ.App.1987).
Based on the foregoing, that judgment in the divorce matter is due to be affirmed. Because we find this issue to be dispositive of other issues in both appeals, we pretermit *269 further discussion of other issues raised by the husband.
AFFIRMED.
RUSSELL, J., concurs in the result only.
ROBERTSON, P.J., dissents.
ROBERTSON, Presiding Judge, dissenting.
I stated in the original appeal of this matter that, while an AUPA action and a divorce action may be joined, appellate review would be different because of the right to a jury trial on appeal as provided by § 26-17-20(a), Code 1975. C.L.D. v. D.D., 575 So.2d 1140 (Ala.Civ.App.1991). The right to a trial by jury on appeal from the family court of the circuit court is specifically provided for, and AUPA actions joined with divorce actions are not excepted. § 26-17-20(a), Code 1975.
When divorce actions and AUPA actions are joined, I think the trial court should determine, considering the parties in each action and their respective positions as well as the best interests of the child in not being bastardized, which action should proceed first and stay the other action until appellate review has run its course on the first action.
The legislative intent to prevent inconsistent valid judgments could have been the incentive to provide for the joinder of AUPA and divorce actions. That is, the child could be adjudicated to have two legal fathers or adjudicated to have no legal father if the actions remained separate. In this case, the child, through her guardian ad litem, is the plaintiff in the AUPA action and the mother (C.L.D.), the legal father (D.D.), and the putative father (T.K.J.), are all defendants. Any defendant in an original AUPA action is entitled to a jury trial if demanded on appeal. § 26-17-20(a), Code 1975.
I would reverse and remand these cases for the trial court to determine which action should proceed first and to stay the other action pending appellate review.