19 So.2d 91

### THOMAS et al. v. GRIFFIN.

### 6 Div. 167.

Court of Appeals of Alabama.
Aug. 22, 1944.

Gordon Davis, of Tuscaloosa, for appellants.

C. W. Gross, of Tuscaloosa, for appellee.

**BRICKEN, Presiding Judge.**

The two appellants instituted proceedings by habeas corpus against appellee to obtain the custody of their eight months old baby girl, whose name is Annie Eugene Thomas.

Adverting to the facts of this case, as of record, and which are practically without dispute or conflict, it is ascertained that the mother of the child, the possession of which, as stated, being the issue and essence of this proceeding, gave birth to same on the 3rd day of September, 1943, at which time she, Mrs. Vivian Thomas, was confined at the Druid City Hospital, in Tuscaloosa, Alabama. During the

mother's illness she developed a very serious condition of her throat, which her doctor suspected was probably cancerous. While she was in the hospital suffering from this condition her baby, here in question, was with her (Mrs. Thomas') mother who at that time was old, feeble, and in very bad health. At that time Mr. Thomas (the father) was working at Linden, Alabama, many miles away. Mrs. Thomas became very despondent over her condition and gave their baby to the defendant, Mrs. Corrine Griffin, who went to the home of Mrs. Thomas' mother, while Mrs. Thomas was still in the hospital, and got the baby. There is no contention or insistence that Mr. Thomas, the father, joined in, or even knew the facts above stated, that the mother had undertaken to give their baby to the Griffin woman. Moreover, as to this, the mother, Mrs. Thomas, said she was suffering so much pain at the time and did not realize what she was doing.

After Mrs. Thomas recovered from her illness and her husband returned to Tuscaloosa, they demanded the custody of their child, which was refused by the defendant, after which this habeas corpus petition was filed.

The testimony **further** shows that the plaintiffs Mr. and Mrs. Thomas are now living in Linden, Alabama, and that Mr. Thomas is employed in Mobile at a salary of about $50 per week. Mrs. Thomas is now 31 years old and in good health. Mr. Thomas is now 46 years old and in good health.

The husband of the defendant, Mrs. Griffin, is now in the United States Army and Mrs. Griffin has no income other than an allotment she gets from the United States Government, by virtue of her husband being a soldier. She lives in the old jail, on 5th Street, in Tuscaloosa, Alabama, and her maiden name was Daw. She has had the child in her custody since about the 9th of October, 1943, and refuses to deliver it to the plaintiffs.

The testimony concerning the reputation of Mrs. Griffin, who now has custody of the child in question, tends to show, and she admits, that she has been married four times and to four different husbands, and at the time she married her present husband, Benny J. Griffin, she did not have a divorce from her third husband. She fur-

ther admits as shown in transcript that her present husband, Benny J. Griffin, filed suit against her for divorce on the 11th day of December, 1942, on the grounds of adultery. She further testified that at the present time she has no income except an allotment she receives from the United States Government, by virtue of her husband being in the United States Army.

The State Department has in effect in its report said that the defendant is not a fit or proper person to have the custody of the said child, and has specifically disapproved of her attempt to adopt it. It is contended that she is a person who is not a fit and proper person to adopt a child, is not a fit and proper person to retain its custody. In other words, it is insisted it would certainly be unfair to the child and to its parents to allow it to remain in the custody of a person who is not fit and proper to adopt it, to the exclusion of its natural parents; and further, that the defendant's reputation is not good nor is she able financially to care for the child.

■ In cases of this character, involving the custody of a child of tender years, the welfare of the child is the guiding and controlling consideration. See 15 Alabama Digest, Parent and Child, ⬤2 and 3, for innumerable decisions to this effect.

■ It is also a well settled proposition that, as against third persons, parents' claim to the custody of a child is the superior one, and must be recognized by the courts unless the circumstances are such as strongly to indicate that the welfare of the child requires that another be selected as its custodian.

■ Under the facts of this case above stated, and others of like import contained in the record, we are clear to the conclusion that the trial judge took an erroneous view of the law and the facts, and the conclusion reached was not in line with what has been here said. It follows that the judgment from which this appeal was taken is reversed and one here rendered granting the prayer of the petition, and ordering the defendant, Mrs. Corrine Griffin, to deliver the minor child, Annie Eugene Thomas, into the custody of its natural parents, the appellants herein above designated.

Reversed and rendered.