This case involves the latest custody decision of the juvenile court as to Tavanita Witcher, a dependent child, who was born on November 12, 1976.
Tomeaco Witcher, the mother, and the maternal grandmother of the child, Mrs. Eloise Witcher, have appealed from a judgment dated February 3, 1982, which ascertained that the child was neglected or dependent, that she was in need of and entitled to receive care and protection and that her morals, health and general welfare were best served by granting her permanent care, custody and control to the Motleys, her paternal grandparents, who were equipped to care for her.
Between March, 1979, and February, 1982, no less than seven petitions were filed which sought a change in the custody of this child; fifteen reports or summaries from the Montgomery County Department of Pensions and Security (DPS) are included in the clerk's record by designation of the appellants; and numerous hearings or trials have been held before the same judge who rendered the last judgment in February, 1982. No fewer than six judgments were rendered in that three year period of time which pertained to the child's custody.
Mr. Motley had exercised temporary custody over the child under court orders since June 13, 1979, except that the mother had custody from April 30, 1980 until October, 1980, when her right to custody was again revoked and the child's custody was re-awarded to the paternal grandfather.
The many DPS reports might be summarized as strongly indicating either adverse conditions to the mother's having custody or a lack of cooperation on her behalf. The reports contained findings that the placement of the child with the Motleys was excellent.
In viewing the evidence at the last hearing with the attendant presumptions which are accorded the trial court's action, the following is revealed: At that trial Mr. Motley testified that he can do more for the child than can be provided by the mother. If he is granted permanent custody, his medical and hospital insurance policy will cover the child, but the policy does not provide coverage for temporary custody only. He desires her permanent custody since he has had her temporary custody for most of her life, for he has had her in school and has been caring for her needs for the past three years. The child is under the care of a physician. Mr. Motley is employed in the construction business and Mrs. Motley works at the Officer's Club at Maxwell Air Force Base. He did not request that any right of visitation of either the mother or Mrs. Witcher be eliminated — in fact, he was repulsed at any suggestion that such visits cease.
While the mother and Mrs. Witcher testified as to other matters, the mother did state that she desired to be granted custody of the child, but "if not, no big deal." The maternal grandmother admitted that the Motleys were doing a good job in caring for the child.
The trial court, which had been so frequently involved with this child's custody through multiple trials over the preceding three years, could take judicial knowledge of the prior proceedings therein and was not required either to ignore or to attempt to forget the past. In reaching its latest decision, that court could consider the tortuous and painful history of the case along *Page 210 
with the ore tenus evidence presented at the trial. After anore tenus hearing, the action of the juvenile court will be given every favorable presumption and will not be disturbed unless it was palpably wrong. Phillips v. Alabama Department ofPensions and Security, 394 So.2d 51 (Ala.Civ.App. 1981); Lovellv. Department of Pensions and Security, 356 So.2d 188
(Ala.Civ.App. 1978). Here, the trial court was not palpably wrong and did not abuse its discretion in rendering the final judgment. The last judgment was a mere enlargement of previous temporary custody awards to the Motleys. Some permanency was needed and necessary as to this child's custody. The entire appeal record in a case of this nature must be reviewed to ascertain if the action of the trial court was in the best interest of the child. Here, the mother's prima facie rights to the custody of this child must yield, for the mother's having such custody is not in this child's best interest. After reviewing this record, impartial legal minds would rarely differ that the award of permanent custody to the Motleys was clearly in the child's best interest. The juvenile court's judgment must stand. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.