567 So.2d 376 (1990)
STATE of Alabama ex rel. Joyce Ann GOODNO
v.
James Lamar COBB.
Civ. 7234.
Court of Civil Appeals of Alabama.
July 11, 1990.
*377 William Prendergast and Lois Brasfield, Asst. Attys. Gen., for appellant.
James F. Berry of Berry & Berry, Cullman, for appellee.

ON APPLICATION FOR REHEARING
RUSSELL, Judge.
This court's original opinion, dated April 11, 1990, is withdrawn, and the following is substituted therefor:
This is a paternity case.
The State of Alabama, on behalf of Joyce Ann Goodno (mother), filed a complaint for paternity and child support against James Lamar Cobb. The circuit court dismissed the complaint. The mother appeals, contending that the trial court erred in granting Cobb's motion to dismiss; that James Troy Goodno, Jr. (husband), should have been made a party defendant; and that blood tests should have been required from both Cobb and the husband. We reverse and remand.
Subsections 26-17-5(a) and (b), Ala.Code 1975, a part of the Alabama Uniform Parentage Act (UPA), describe who may be considered a presumed father and describe how a presumption of paternity may be rebutted. They provide in pertinent part:
"(a) A man is presumed to be the natural father of a child if:
"(1) He and the child's natural mother are or have been married to each other and the child is born during the marriage, or within 300 days after the marriage is terminated by death, annulment, declaration of invalidity, or divorce, or after a decree of separation is entered by a court;
"....
"(b) A presumption of paternity under this section may be rebutted in an appropriate action only by clear and convincing evidence. In the event two or more conflicting presumptions arise, that which is founded upon the weightier considerations of public policy and logic, as evidenced by the facts, shall control. The presumption of paternity is rebutted by a court decree establishing paternity of the child by another man."
Section 26-17-9(b) provides as follows:
"An action to determine paternity may be commenced upon the complaint of any female who is pregnant with or *378 the mother of a child." (Emphasis supplied).
"It is established that a married woman who conceives a child by one not her husband may institute paternity proceedings against the putative father." Finkenbinder v. Burton, 452 So.2d 880, 884 (Ala.Civ. App.1984).
Section 26-17-11 provides, in pertinent part, as follows:
"The natural mother, each man presumed to be the father under the provisions of section 26-17-5, and each man alleged to be the natural father, shall be made parties or, if not subject to the jurisdiction of the court, shall be given notice of the action in a manner prescribed by the court and an opportunity to be heard. The court may align the parties." (Emphasis supplied.)
Section 26-17-12 provides, in pertinent part, the following:
"(a) Upon application of the defendant in a paternity proceeding or any other party to the action, the court shall order the mother, child and defendant to submit to one or more blood tests to assist the court in determining paternity of the child....
"(b) ... The blood test results may be admitted into evidence by the defendant. The blood test results may be admitted into evidence by the state only if the statistical probability of the alleged father's paternity is available."
The record reflects that the mother's complaint for paternity and child support was filed in the district court and that Cobb was found "not guilty." The mother then appealed de novo to the circuit court and additionally filed motions to compel blood tests and to add the husband as a party defendant. Cobb filed motions to strike in response to the mother's motions, which alleged that the mother and the husband were married for the second time on April 2, 1987, and that a child, the subject of this action, was born on February 1, 1988, approximately ten months after the marriage. The circuit court denied the motion to add a party defendant and apparently denied the motion to compel blood tests. Cobb then filed a motion to dismiss, in which he further alleged that the husband acknowledged the child to be his child and had never disclaimed the child. No affidavits or documents accompanied Cobb's motions. The motions were signed only by Cobb's attorney. The trial court dismissed the matter, stating, in pertinent part, as follows:
"The statute involved was enacted to provide a vehicle by which unmarried women who became pregnant could require the identification of the father of the child and to require that person to provide support for said child. To allow this Plaintiff to proceed in this case under these facts would be in derogation of the family.
"Not only has the Plaintiff in this case failed to rebut this presumption, above mentioned, by alleging that it was impossible for her husband to be the father of this child, she has even failed to allege that she was married at the time that this child was born. This, in addition to all the other matters above considered by the Court, leaves the Court only to conclude that it is clear beyond a reasonable doubt that the Plaintiff is not in a position to proceed with this matter.
"The Complaint is, accordingly, dismissed and costs are taxed as paid."
The mother first contends that the trial court committed reversible error in granting Cobb's motion to dismiss, and both parties suggest that the trial court looked at matters outside the pleadings, thus converting the motion to dismiss into one for summary judgment.
"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief under some cognizable theory of law." Rice v. United Insurance Co., 465 So.2d 1100, 1101 (Ala.1985). When reviewing a motion to dismiss for failure to state a claim, we must resolve all doubts in favor of the plaintiff. Whitehead v. Hester, 512 So.2d 1297 (Ala.1987).
*379 Where matters outside the pleadings are considered on a motion to dismiss, the motion is converted into a motion for summary judgment, regardless of its denomination and treatment by the trial court. Boles v. Blackstock, 484 So.2d 1077 (Ala.1986). Once matters outside the pleadings are considered, the requirements of Rule 56, Alabama Rules of Civil Procedure, become operable. Id.
"Summary judgment is granted ... only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Richter v. Central Bank, 451 So.2d 239, 242 (Ala.1984). The evidence used to support a motion for summary judgment must present facts that would be admissible into evidence and must be more than a mere statement of allegations contained in the pleadings. White v. Law, 454 So.2d 515 (Ala.1984).
As noted previously, the UPA allows a married woman who has delivered a child by a man other than her husband to file an action in the appropriate forum. Ala.Code 1975, § 26-17-9(b); Finkenbinder, 452 So.2d 880. Although in Ex parte Presse, 554 So.2d 406 (Ala.1989), the wife was barred by the doctrine of res judicata from filing a paternity suit because she was a party to divorce and custody judgments, such is not the case here. The mother was entitled to have the opportunity to present clear and convincing evidence in the trial court in an attempt to rebut the strong presumption under Ala.Code 1975, § 26-17-5(a), that the husband was the father of the child. The issue of paternity raised by the mother's complaint was not a matter which could be determined only upon the pleadings, for questions of fact were presented. In fact, "[t]he question of legitimacy is simply one of fact." Bullock v. Knox, 96 Ala. 195, 198, 11 So. 339 (1892).
Here, Cobb's assertions are bare allegations of fact not supported by any verified or authenticated documents. We find, however, a discussion of the admissibility of Cobb's allegations as evidence to be unnecessary at this time, as the very nature of this action makes it inappropriate for disposal by way of summary judgment. The mother filed a complaint, alleging Cobb to be the father. Notwithstanding the fact of her marital status, she was entitled to bring this action. Ala.Code 1975, § 26-17-9(b); Finkenbinder, 452 So.2d 880. Cobb's denial of paternity definitely created a disputed fact. The trial court could not therefore dispose of the question of paternity by summary judgment as a matter of law. Consequently, we find that the dismissal of the action (or grant of summary judgment) is inappropriate in this instance.
The mother next contends that the trial court erred in refusing to make the husband a party defendant.
We find the language of §§ 26-17-5(a)(1) and 26-17-11, Ala.Code 1975, to be clear and unambiguous and applicable to the facts at hand. Section 26-17-5(a)(1) provides the marital presumption which applies to the father in this action. Section 26-17-11 specifically provides that a man who is "presumed to be the father under the provisions of section 26-17-5," shall be made a party or, if not subject to the court's jurisdiction, shall be given notice of the action with an opportunity to be heard.
If a statute is clear and unambiguous, we are not authorized to indulge in conjecture as to the intent of the legislature or to look to consequences of the interpretation of the law as written. Clark v. Houston County, 507 So.2d 902 (Ala. 1987). Based on the clear language of the statute, we find the trial court erred in failing to make the husband a party defendant to this action.
The mother's final contention is that the trial court erred in refusing to order blood tests from both Cobb and the husband.
From what we can tell from the record, the trial court denied the mother's motions to compel blood tests. In our review of the statutory language, it appears that the legislature *380 has made blood tests of "the mother, child, and defendant" mandatory upon demand by the defendant "or any other party" under § 26-17-12(a), and that the results may be admitted into evidence by the state if the statistical probability of the alleged father's paternity is available under § 26-17-12(b). We reach this conclusion based on the legislative use of the word "shall," which we have traditionally held to be mandatory. Ex parte Anonymous, 414 So.2d 72 (Ala.1982).
Consequently, since we have found that the husband should have been made a party defendant under § 26-17-11, we find that the mother was statutorily entitled to have the blood tests conducted and that the trial court erred in refusing to so order.
In view of the above, this case is due to be reversed and remanded for further proceedings consistent with this opinion.
APPLICATION FOR REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., concurs in the result only.
ROBERTSON, J., dissents.
ROBERTSON, Judge, dissenting.
I respectfully dissent.
The Uniform Parentage Act governs actions to establish the paternity of a child. In this case, paternity had been established before this action was brought. The child was born during the marriage, and the husband/father claims the child as his own, and, clearly, paternity has been established. The psychological stability and general welfare of the child, as well as the overriding interest in affording legitimacy to children, should preclude the mother in this fact situation from bringing this action without first establishing that the husband/father is not the natural father of the child. See, Ex parte Presse, 554 So.2d 406 (Ala.1989).