571 So.2d 1168 (1990)
S.T.
v.
C.T.T.
Civ. 7453.
Court of Civil Appeals of Alabama.
October 31, 1990.
*1169 John H. England, Jr. of England & Bivens, Tuscaloosa, for appellant.
Kathryn McC. Harwood of Rosen, Harwood, Cook & Sledge, Tuscaloosa, for appellee.
ROBERTSON, Judge.
This began as a child custody proceeding.
The husband and the mother in this case were married in October 1975. Three children were born during the marriage. In 1983, the husband obtained a divorce by default in Georgia, for which the mother claims she never had notice. The divorce decree awarded custody of the two older children of the marriage to the husband but did not mention the third and youngest child. The husband took the two children to the homes of his grandmother and aunt sometime after the divorce, and the children have resided there since that time. The husband died in March 1988, leaving the children in the care and control of their great-grandmother and great aunt. Following his death, the great-grandmother and great aunt petitioned for custody of the children as well as temporary custody pending a hearing on their petition.
Prior to the custody hearing, the mother filed a motion for declaratory judgment, requesting that the trial court enter an order declaring the status of the third child as the legal child of the husband in order for the child to be approved for Social Security survivor's benefits. She filed a brief supporting the motion, which set out the dates of the marriage and the child's birth, accompanied by a copy of the child's birth certificate, which listed the husband as the father. The petitioners did not respond to the motion until the day of the hearing, when they asked the trial court to accept documentary evidence that the mother listed two other men as possible fathers of the child, when she applied for assistance for the child's benefit. The petitioners also indicated that the husband had denied paternity of the child in the complaint for divorce, which is not a part of the record.
The trial court entered an order regarding the custody and visitation of the two older children pursuant to an agreement reached by the parties. In the same order the trial court also declared the third child, who was born during the marriage, to be the legitimate child of the husband based on an "irrefutable presumption" of paternity. The great aunt appeals from that portion of the order declaring that the third child is the legitimate child of the husband.
On appeal, the great aunt raises two issues: (1) Did the trial court err in concluding that there is an "irrefutable presumption" of paternity of the husband *1170 when a child is born during a marriage? (2) Did the trial court have jurisdiction to determine paternity of a child who was not a party to an action and did not have an appointed guardian ad litem?
The appellant argues that the trial court erred when it concluded that Alabama law creates an "irrefutable presumption" of paternity in the husband of a wife who gives birth to a child during the marriage. Appellant's position is that the trial court misapplied the law when it failed to give the parties an opportunity for an evidentiary hearing to develop evidence in the case. She contends that the trial court should have heard testimony to determine whether there was clear and convincing evidence to rebut the presumption that the husband was the child's legal father. She cites Tatum v. Kelley, 481 So.2d 1132 (Ala.1985), and Bishop v. Robinson, 516 So.2d 723 (Ala.Civ.App.1987), to support her contentions that the presumption of legitimacy of a child born to a married person can be rebutted by clear and convincing evidence.
Under § 26-17-5(a)(1), Code 1975, a man is presumed to be the natural father of a child if the child is born while he is married to the child's mother. However, such presumption is rebuttable under § 26-17-5(b), Code 1975, which allows rebuttal "in an appropriate action only by clear and convincing evidence."
After reviewing the record in this case with the applicable law, we find that the trial court erred in concluding that the presumption of paternity that attached to the husband by virtue of his marriage to the mother is "irrefutable." Alabama law clearly allows one to rebut this strong presumption of paternity in disputed cases. § 26-17-5(b), Code 1975.
As to the second issue, we find that Ex parte Martin, 565 So.2d 1 (Ala.1989), is controlling. In a similar fact situation, i.e., child born during marriage, husband listed as child's father on birth certificate, husband alleged that child was not his in divorce complaint, and husband deceased, our supreme court held:
"We are of the opinion that ... the case must be reversed and remanded for a hearing in the juvenile or family division of the district or circuit court.
"The Uniform Parentage Act states as follows:
"`(a) The causes of action provided by this chapter shall be brought in the juvenile or family court division of the district or circuit court and wherever used in this chapter the word "court" shall mean the juvenile or family court division of the district or circuit court....' (Emphasis supplied.)
Clearly, the case before us falls within the purview of the Uniform Parentage Act....
"... [T]his case ... includes a strong presumption of paternity, and we are of the opinion that any finding contrary to the presumed paternity should be made by the court most adept at making that determination. The rebuttal of the presumption of paternity is a serious matter for all those who are involved and, for that reason, the juvenile division or family division of the district or circuit court should be the forum in which such an issue is resolved."
Consequently, because the trial court erred in its application of the law regarding the presumption of paternity, that portion of the judgment declaring the child to be the child of the deceased husband is reversed, and the trial court is directed to enter an order setting aside that portion of the judgment. This case is reversed and remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., concurs.
RUSSELL, J., dissents.
RUSSELL, Judge, dissenting:
I respectfully dissent.
Although Ala.Code 1975, § 26-17-5(b), allows for the rebuttal of a presumption of paternity by clear and convincing evidence, the clear and convincing evidence must "show that it is naturally, physically, or scientifically impossible for the husband *1171 to be the father." Finkenbinder v. Burton, 477 So.2d 459 (Ala.Civ.App.1985) (emphasis supplied).
The record indicates that the grandmother and the great aunt informed the court during the hearing that they wished to contest a finding of paternity based on two points: (1) that the the mother had named two other men as the father of the child in applications for assistance and (2) that the husband had denied paternity in his complaint for divorce. While I do not agree that a presumption of paternity is irrefutable when the child was born during a marriage, in the present case, I would find that it is irrefutable. The points raised by the grandmother and the great aunt would not show that it was impossible for the husband to be the father, and the father is no longer alive to assist in adding additional proof.
Regarding the second issue presented, I would also find, based on a different rationale from the majority, that the trial court in the instant case had jurisdiction to determine the paternity of the minor, who was not a party to the action and was not represented by a guardian ad litem.
In Ex parte Martin, 565 So.2d 1 (Ala. 1989), a child who was bastardized after the wife and the husband agreed in a divorce action that the husband was not the father was allowed to litigate the issue of her paternity at a later time because she had not been made a party to the divorce action. The supreme court further held that she was still entitled to a presumption of paternity.
Martin stands for the proposition that "a proceeding in which the child is not a party should not be able to do away with the presumption of paternity" afforded to children born in wedlock. Id. at 4. Here, there is a petition to confirm or establish paternity, rather than an action seeking to declare the child illegitimate and to "do away with the presumption of paternity." Id. Therefore, I would find that, since the court did not allow the challenge to the child's paternity and the rights of the child were not being adversely affected, the court had jurisdiction of the matter.
I would affirm the trial court's order declaring the husband to be the father of the third child born during the marriage.