RUSSELL, Judge,
dissenting:
I respectfully dissent.
Although Ala.Code 1975, § 26-17-5(b), allows for the rebuttal of a presumption of paternity by clear and convincing evidence, the clear and convincing evidence must “show that it is naturally, physically, or scientifically impossible for the husband *1171 to be the father.” Finkenbinder v. Burton, 477 So.2d 459 (Ala.Civ.App.1985) (emphasis supplied).
The record indicates that the grandmother and the great aunt informed the court during the hearing that they wished to contest a finding of paternity based on two points: (1) that the the mother had named two other men as the father of the child in applications for assistance and (2) that the husband had denied paternity in his complaint for divorce. While I do not agree that a presumption of paternity is irrefutable when the child was born during a marriage, in the present case, I would find that it is irrefutable. The points raised by the grandmother and the great aunt would not show that it was impossible for the husband to be the father, and the father is no longer alive to assist in adding additional proof.
Regarding the second issue presented, I would also find, based on a different rationale from the majority, that the trial court in the instant case had jurisdiction to determine the paternity of the minor, who was not a party to the action and was not represented by a guardian ad litem.
In Ex parte Martin, 565 So.2d 1 (Ala.1989), a child who was bastardized after the wife and the husband agreed in a divorce action that the husband was not the father was allowed to litigate the issue of her paternity at a later time because she had not been made a party to the divorce action. The supreme court further held that she was still entitled to a presumption of paternity.
Martin stands for the proposition that “a proceeding in which the child is not a party should not be able to do away with the presumption of paternity” afforded to children born in wedlock. Id. at 4. Here, there is a petition to confirm or establish paternity, rather than an action seeking to declare the child illegitimate and to “do away with the presumption of paternity.” Id. Therefore, I would find that, since the court did not allow the challenge to the child’s paternity and the rights of the child were not being adversely affected, the court had jurisdiction of the matter.
I would affirm the trial court’s order declaring the husband to be the father of the third child born during the marriage.