THIGPEN, Judge.
This is a paternity case.
The State of Alabama filed a complaint seeking an adjudication of paternity and seeking child support on behalf of C.S. (appellee), alleging that either C.D.S., (the presumed father), or H.R.O. (appellant) was the father of L.S. After a hearing before a referee, the State moved for a default judgment against H.R.O., which was granted, and he was declared to be the father of the child. H.R.O. filed a notice of appeal to the circuit court for trial de novo. Following a trial at which both parties were represented by counsel and the child was represented by a guardian ad litem, H.R.O. was adjudicated the father of the child and was ordered to pay $112.00 per month as child support. Additionally, an arrearage in the amount of $1,442.00 was reduced to a judgment to the State. H.R.O. appeals.
*24 While the record indicates, and H.R.O. does not dispute, that there was sufficient evidence at trial to support the finding that H.R.O. is in fact the father of this child, the issue raised on appeal is whether the trial court committed reversible error by adjudicating the alleged father, rather than the presumed father, to be the biological father of the child, when the child was not a party to the lawsuit.
H.R.O. maintains that since the child was not a party in the instant case, the presumption of paternity should not be done away with, in effect making the child illegitimate without the child’s consent. To support his position, H.R.O. cites Ex parte Martin, 565 So.2d 1 (Ala.1989). In Ex parte Martin, our supreme court held that a divorce judgment which in effect illegiti-mated the child was not binding on the child because she had not been joined as a party or represented by a guardian ad li-tem. The supreme court stated that a judgment that bastardizes a child violates fundamental principles of fairness and due process when there is no means for the child to defend or contest it. However, the court indicated that when a child is represented by a guardian ad litem, that representation is sufficient to protect the child’s interests. The fact is, in the instant case the child was represented by a guardian ad litem, and therefore the requirements of Ex parte Martin were satisfied in that the child’s interests were protected.
The Uniform Parentage Act allows a woman who has had a child by a man other than her husband to file paternity proceedings against the putative father. Ala.Code 1975, § 26-17-9(b). State ex rel. Goodno v. Cobb, 567 So.2d 376 (Ala.Civ.App.1990). Furthermore, though the presumption that the husband is the father of the child is strong under Ala.Code 1975, § 26-17-5(a), the mother is entitled to present clear and convincing evidence to rebut it. State ex rel. Goodno, supra. The evidence in the instant case, including a blood test and uncontroverted testimony, was sufficient to rebut the presumption of paternity.
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.