600 So.2d 316 (1992)
M.M.
v.
C.M.
(In the Matter of C.A.M.)
2900605.
Court of Civil Appeals of Alabama.
May 22, 1992.
William F. Mathews, Pelham, for appellant.
J. Frank Head of Wallace, Ellis, Fowler & Head, Columbiana, for appellee.
THIGPEN, Judge.
This is a child dependency case.
In 1990, the Shelby County Department of Human Resources (DHR) filed a petition to establish the dependency of C.A.M. A *317 guardian ad litem represented the child at a detention hearing. The whereabouts of the presumed father were alleged to be unknown. At the hearing, the mother stated that C.M. was the legal, but not the natural, father of the child. After taking testimony ore tenus, the trial court found the child to be dependent, and custody was placed with DHR pending further proceedings.
After DHR conducted a home investigation and a psychological evaluation of the mother, the matter was again brought before the court. C.M. received notice of the hearing and was present. The mother requested that the trial court order a blood test to verify the paternity of C.A.M. Following testimony, the trial court continued temporary custody of the child with DHR, and ordered the mother to begin paying weekly child support. The trial court denied her motion for a blood test.
The mother subsequently filed a dependency petition against C.M., seeking to establish his parental unfitness, and C.M. filed a petition for custody of the child. The mother also filed a motion for visitation with the child, and this motion was granted.
A final hearing was held in May 1991. Detailed evidence was presented concerning the respective income, home environments, stability, and parenting skills exhibited by the parties. Based on this evidence, the court found that the child remained dependent, but awarded temporary custody of the child to C.M. The mother appeals.
The mother argues that the trial court erred in failing to award her custody of the child. She asserts that DHR had the burden of proving by clear and convincing evidence that she was unable to properly care for the child, citing Dobbs v. State Department of Pensions & Security, 484 So.2d 1052 (Ala.Civ.App.1986), and suggests that this burden was not met.
In the 72-hour dispositional hearing held after DHR filed its initial petition against the mother, she stipulated that she was "unwilling or unable" to provide supervision and care for the child. After hearing all the evidence presented in the second dispositional proceeding, the trial court determined that the child remained dependent. The trial court included in its order specific findings of fact concerning the mother's inability to meet the child's needs, and these findings are supported by the record. We therefore find no error in the trial court's refusal to award custody of the child to the mother. Witcher v. Motley, 417 So.2d 208 (Ala.Civ.App.1982).
The mother next argues that the trial court erred in denying her motion for a blood test to establish the paternity of C.A.M. She recognizes that Alabama law presumes a man to be the father of a child if the child is born during the marriage of the natural mother and him. Bishop v. Robinson, 516 So.2d 723 (Ala.Civ.App. 1987). This presumption may only be overcome by clear and convincing evidence which tends to show that it was naturally, physically, or scientifically impossible for the husband to be the father. Bishop. The mother contends that by denying her request for blood tests, the trial court improperly prevented her from obtaining the evidence required to overcome the presumption of paternity given to C.M.
It is established that a mother of a child may bring a paternity action to rebut the strong presumption that her husband is the father of a child born during the parties' marriage. State ex rel. Goodno v. Cobb, 567 So.2d 376 (Ala.Civ.App. 1990). Ala.Code 1975, § 26-17-12(a), provides that, upon application of either party in a paternity proceeding, the court shall order the mother, child and defendant to undergo requested blood tests. The issue of paternity may also be properly raised in a divorce action, because a divorce decree which designates a child to be "of the parties" is itself a paternity determination. D.D. v. C.L.D., 600 So.2d 265 (Ala.Civ.App. 1991), citing Evans v. Evans, 434 So.2d 254 (Ala.Civ.App.1982). In a custody or divorce action, the issue of parentage is central to the disposition of the case; thus it is proper to allow the mother to gather evidence which would clearly rebut the presumption of paternity afforded to the husband when *318 the child is born during the marriage. Finkenbinder v. Burton, 477 So.2d 459 (Ala.Civ.App.1985); D.D. v. C.L.D., supra.
The mother insists that the issue of paternity is also central to the disposition of dependency proceedings. We do not agree. Once a child is found to be dependent, the trial court is authorized to make any of a number of dispositions under Ala.Code 1975, § 12-15-71, including transferring legal custody to an "individual who, after study by the department of human resources, is found by the court to be qualified to receive and care for the child." Ala.Code 1975, § 12-15-71(a)(3)(c). It is not necessary that such an individual be a parent or even a relative of the child. See generally Ala.Code 1975, § 12-15-71.
Here, the trial court found the child dependent and was thereafter within its discretion to award custody of the child to a party it found to be capable of providing a stable and healthy home environment for the child. Minchew v. Mobile County Department of Human Resources, 504 So.2d 310 (Ala.Civ.App.1987). The trial court did not award temporary custody of the child to C.M. because he is a presumed father, but rather because he was found to have a satisfactory ability to care for the child's immediate needs. This finding is amply supported by the evidence presented and thus will not be disturbed on appeal. Witcher, supra. Because C.A.M.'s paternity was irrelevant to the disposition of this case, we find no error in the trial court's denial of the mother's motion for blood tests. This case is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.