RUSSELL, Judge.
S.E.B. (mother) and J.H.B. (husband) were married in June 1969. During their marriage four children were born. Two of the children have reached majority, and two, including J.R. (born February 1, 1989), are minors. In August 1990 the mother left the husband and moved in with C.R.L., taking J.R. with her. Thereafter, the husband initiated a dependency proceeding in the juvenile court, alleging that the mother was residing in an adulterous relationship with C.R.L. and seeking custody of J.R. on that basis. Pending a final hearing in the matter, temporary custody of J.R. was placed with the husband.
On October 9, 1990, the mother filed a complaint for divorce in the circuit court, seeking custody of the minor children and alleging that the husband was not J.R.’s biological father. She claimed that J.R. was the result of an extramarital relationship she had with C.R.L. beginning in 1985 and continuing until the present. Both the husband and C.R.L. claimed paternity of J.R. The mother’s complaint for divorce also contained a request for orders placing custody of J.R. with her pendente lite; however, this request was denied by the circuit court.
On October 26, 1990, the mother filed a motion requesting the circuit court to compel blood testing of the husband and C.R.L. for the purposes of establishing J.R.’s paternity. Subsequently, she amended her complaint for divorce, requesting that the circuit court add C.R.L. as a party-defendant and issue a declaratory judgment that he was J.R.’s biological father.
In April 1991 the mother filed in the circuit court a brief supporting her request for an order requiring blood tests. In the brief the mother claimed that C.R.L. had already voluntarily undergone blood-type testing at the University of Alabama Im-munogenetics Laboratory and that the results of these tests had placed the probability of his being J.R.’s biological father at 99.58%. She argued that it was necessary that the court order the husband to submit to blood testing so that she might prove that the husband was not the child’s biological father.
On June 7, 1991, the mother filed a motion in the circuit court to consolidate the divorce action with the dependency proceeding pending in the juvenile court. In the motion she alleged that both actions contained the same paternity claim and were due to be joined.
At an ore tenus proceeding held on June 11,1991, the trial court denied the mother’s motion to join the two actions and denied her request to add C.R.L. as a party-defendant in the divorce action. In addition, the court denied the mother’s request for an order to compel blood tests of C.R.L. and the husband.
On August 15, 1991, the trial court entered a decree divorcing the mother and the husband. The court granted custody of the minor children, including J.R., to the husband, stating that the husband was “hereby awarded the full and complete care, custody and control of the dependent children of the marriage of the parties.” The mother’s post-trial motions were denied, and she now appeals. We reverse and remand.
*1232 The mother presents several issues for appeal. She first contends that the trial court committed reversible error by denying her request that the court order the husband and C.R.L. to undergo blood testing for the purposes of establishing J.R.’s paternity.
Alabama law presumes a man to be the natural father of a child if the child is born during the man’s marriage to the child’s mother. Anonymous v. Anonymous, 472 So.2d 640 (Ala.Civ.App.1984). This presumption may be overcome only by clear and convincing evidence that tends to show that it is naturally, physically, or scientifically impossible for the husband to be the father. Leonard v. Leonard, 360 So.2d 710 (Ala.1978); Curry v. Curry, 402 So.2d 1019 (Ala.Civ.App.1981).
The mother maintains that, in refusing to order blood tests, the trial court improperly prevented her from obtaining the evidence required to overcome the legal presumption of paternity given to the husband.
It is well settled that the mother of a child born during a marriage may bring a paternity action to rebut the strong presumption that the husband is the father of the child. D.D. v. C.L.D., 600 So.2d 265 (Ala.Civ.App.1991); State ex rel. Goodno v. Cobb, 567 So.2d 376 (Ala.Civ.App.1990). Inasmuch as a divorce decree that designates a child to be “of the parties” is a paternity determination that is res judicata as to the parties, the issue of paternity may properly be raised in a divorce action. D.D. v. C.L.D., 600 So.2d 265; Stringer v. Sheffield, 451 So.2d 320 (Ala.Civ.App.1984). Thus, in a divorce action, it is proper to allow the mother to gather evidence that could clearly rebut the presumption of paternity afforded to the husband when the child is born during the marriage. D.D. v. C.L.D., 600 So.2d 265; Finkenbinder v. Burton, 477 So.2d 459 (Ala.Civ.App.1985).
Notwithstanding the husband’s insistence that the mother has raised the issue of paternity in an action improperly brought under the Alabama Uniform Parentage Act (AUPA), § 26-17-6(b) of the AUPA provides that “[a]ny interested party may bring an action at any time for the purpose of determining the existence or non-existence” of a presumed father and child relationship. See also § 26-17-9(b), Ala.Code 1975. In actions involving a paternity determination, blood tests of “the mother, child, and defendant” are mandatory upon demand by the defendant “or any other party.” Goodno, 567 So.2d 376; § 26-17-12(a), Ala.Code 1975.
In the instant divorce action the mother alleged in her pleadings that the husband was not the biological father of J.R. In her motion for blood tests and in her amended complaint, the mother cited the AUPA and Alabama case law as grounds for a court order compelling blood testing of the husband and C.R.L. Because the husband was a defendant in an action involving a paternity determination, it was incumbent upon the trial court to order blood testing of the husband. Good-no, 567 So.2d 376; § 26-17-12(a). Failing to do so, the court denied the mother an opportunity to gather evidence that could rebut the presumption of paternity afforded to the husband. D.D. v. C.L.D., 600 So.2d 265; Finkenbinder, 477 So.2d 459. Accordingly, we hold that the trial court erred in refusing to order blood testing of the husband.
The mother also contends that the trial court erred in failing to join C.R.L. as a party-defendant in the action. The Committee Comments to Rule 20, Alabama Rules of Civil Procedure, provide that the permissive joinder rule “is intended to promote trial convenience, prevent a multiplicity of suits, and expedite the final determination of litigation by inclusion in one suit of all parties directly interested in the controversy.” Moreover, Rule 19(a), A.R.Civ. P., provides that a “person who is subject to jurisdiction of the court shall be joined as a party in the action if ... he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may ... as a practical matter impair or impede his ability to protect that interest.”
C.R.L., the mother maintains, claims an interest related to the divorce action, be *1233 cause C.R.L. (as well as the mother) alleges that he, and not the husband, is the biological father of J.R. The mother asserts that C.R.L.’s interest is bolstered by the results of the previous blood test referred to in the mother’s brief supporting her request for blood tests.
We find that C.R.L. has an interest relating to the subject of the divorce action and that the disposition of the action in his absence would impede his ability to protect that interest. This is especially true because a paternity adjudication in a divorce action is res judicata as to the parties. Ex parte Presse, 554 So.2d 406 (Ala.1989).
We recognize that the public interest in affording legitimacy to children generally militates against the interests of a putative father when the presumed father wishes to maintain the family relationship. Presse, 554 So.2d 406. However, we find that the public interest is accorded due protection where, as here, both the husband and the putative father claim to be the biological father of the child. Consequently, we hold that the trial court erred in failing to join C.R.L. as a party-defendant in the action. Because we hold that C.R.L. should have been made a party-defendant, we also hold that the mother was entitled to have blood testing of C.R.L. conducted and that the trial court erred in refusing to so order. See Goodno, 567 So.2d 376.
Furthermore, because a proceeding to which a child of a married woman is not a party should not be able to do away with the presumption of paternity generally afforded to the child, J.R. must be allowed an opportunity to prove paternity in this action. Ex parte Martin, 565 So.2d 1 (Ala.1989). Representation by a guardian ad litem is sufficient to protect the child’s interests. H.O. v. C.S., 586 So.2d 23 (Ala.Civ.App.1991). Therefore, J.R. is due to have a guardian ad litem to represent his interests as they pertain to the paternity aspect of the divorce action.
The mother has also contended that the trial court erred in failing to consolidate the divorce action with the dependency proceeding pending in the juvenile court. We find no basis for concluding that justice will be facilitated by the joinder of the two actions. Nothing in the record before us indicates that the proceeding in the juvenile court involved issues other than those relating to immediate custody of J.R. Moreover, when the complaint for divorce was filed, wherein the custody of J.R. was at issue, the circuit court assumed jurisdiction over the child’s custody. P.R.G. v. W.P.R., 590 So.2d 913 (Ala.Civ.App.1991). Except in circumstances creating an emergency as to the child’s welfare, once a circuit court has acquired jurisdiction over a child pursuant to a divorce and decides the question of custody, that court retains jurisdiction until the child reaches majority. Roberson v. McAliley, 387 So.2d 840 (Ala.Civ.App.1980); Rowe v. Hill, 365 So.2d 1247 (Ala.Civ.App.1979). As a result, the juvenile court no longer has authority to determine custody under the dependency statute. Rowe, 365 So.2d 1247. We hold that it was not error for the trial court to refuse to consolidate the two actions.
Based on the foregoing, we reverse the judgment of the trial court and remand the cause with instructions for the trial court to join C.R.L. as a party-defendant, to order blood tests of C.R.L. and the husband, to appoint a guardian ad litem to represent J.R., and to hold further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.