THIGPEN, Judge.
This is a custody case.
In February 1991, the Covington County Department of Human Resources (DHR), filed a petition in the Juvenile Court of Covington County seeking temporary custody of M.N.Y., the natural child of E.H.Y. (mother), pursuant to a request by the Children’s Hospital (Hospital) in Birmingham, Alabama. The Hospital indicated that M.N.Y. had been seriously physically abused to the extent that she suffered a serious brain injury while in the care and custody of a friend (friend) of the mother. Hospital records reflect that the friend suggested that the child’s injuries resulted from falling from a bed; however, the chief of pediatric neurosurgery testified by deposition that in her opinion, the child had been vigorously shaken and thrown on some object, resulting in a condition known as “shaken baby syndrome,” and that such injuries could not have resulted from falling from a bed. Upon learning that another child of the mother, namely M.D.Y., was also in the care of the friend, DHR also petitioned for custody of M.D.Y. Temporary custody of both children was granted to DHR.
Prior to the removal of the children from the friend’s home, the friend and her spouse (friends) filed a petition to adopt M.D.Y. and also sought temporary custody of M.N.Y. Both children had been placed in the friends’ care and custody by the mother. The mother had signed a consent for the friends to adopt M.D.Y., which she subsequently withdrew. In May 1991, the mother petitioned for custody of both children. The friends withdrew their petitions and the friend refused to testify at the hearing.
Since the mother was a resident of Georgia, DHR requested a home evaluation by its Georgia counterpart. That evaluation recommended against placing the children with the mother at that time, and DHR thereafter amended its petition for custody, alleging that the mother was unfit and unable to care for the children. In October 1991, the trial court held an ore tenus proceeding, after which it continued temporary legal custody with DHR and denied the mother’s petition for legal custody. Hence, this appeal.
The mother contends that the trial court erred in granting temporary custody of the children to DHR since its order contained no finding of dependency, that DHR failed to present clear and convincing evidence that the mother was unwilling or unable to care for her children, and that it was not in the best interests of the children to remain in the custody of DHR. We affirm.
The mother first argues that the judgment of the trial court must be reversed for failure to make a finding of dependency. Apparently the mother is referring to Ala.Code 1975, § 12-15-65(c), which provides, in pertinent part, that the court shall “record its findings on whether or not the child is a dependent child....”
In its petition, DHR alleged that the children were dependent, and the trial court’s *441 order found from the evidence presented that DHR’s petition should be granted, and that the mother’s petition should be denied; accordingly, the trial court’s order was sufficient to apprise the mother of the finding of dependency. Thus, no error existed in this regard. Phillips v. Alabama Department of Pensions & Security, 394 So.2d 51 (Ala.Civ.App.1981).
Next we consider the sufficiency of the evidence and the level of proof. Alabama law is well-settled that when evidence is presented ore tenus in a child custody matter, a presumption of correctness attaches to the trial court’s determination, and its decision will not be disturbed on appeal unless palpably wrong. Melton v. State Department of Pensions & Security, 448 So.2d 392 (Ala.Civ.App.1984). The law is equally clear that the natural parent has the prima facie right to the custody of his or her child. Matter of Colbert, 474 So.2d 1143 (Ala.Civ.App.1985). Additionally, the primary consideration in child custody proceedings is always the best interests of the child. Melton, supra.
Upon reviewing the record, we find ample clear and convincing evidence that these children are in fact dependent children. Georgia’s refusal to recommend placement of these children with the mother, based upon her unstable background and her current living conditions, which consist of a one-bedroom apartment occupied by the mother and another of her children, was justified. Record evidence also revealed that the mother has retained custody of only one of her five children. See Witcher v. Motley, 417 So.2d 208 (Ala.Civ.App.1982). Evidence further revealed that M.N.Y. has severe physical limitations, that she is a special-needs child, and that she requires a higher degree of care than a child without such problems. The trial court has wide latitude in considering such evidence when determining child custody matters. Matter of Von Goyt, 461 So.2d 821 (Ala.Civ.App.1984).
Evidence concerning the mother’s background revealed a history of domestic violence, alcohol abuse, and instability, both emotionally and financially. She has lived in three different states and in seven different homes in the past two years, including homes for battered women. Her limited income is derived from public assistance and a part-time job. Additionally, the trial court considered the mother’s judgment in placing these children in the friend’s home, wherein M.N.Y. suffered her tragic injury. See Matter of Petersen, 454 So.2d 992 (Ala.Civ.App.1984).
Based upon the foregoing, we find the judgment of the trial court to be supported by clear and convincing evidence, and is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.