ROBERTSON, Presiding Judge.
This is the second time this case has been before this court. We reversed this case previously because the trial court based its judgment on an “irrefutable presumption” of paternity. See S.T. v. C.T.T., 571 So.2d 1168 (Ala.Civ.App.1990), for the background facts of this case.
On remand, after another ore tenus proceeding and a post-judgment motion, the trial court found:
“that the plaintiffs failed to present sufficient evidence that was clear and convincing to overcome the presumption that [V.T.], who was lawfully married to the defendant, [C.T.T.], at all times prior to and after the birth of [T.T.], was the natural father of [T.T.]
The sole issue on appeal is whether the appellants presented sufficient evidence to rebut the presumption that the deceased husband of the mother was the father of the child.
The record reflects that the trial court heard conflicting testimony as to the whereabouts of the husband at or about the time of conception and his access to the mother. Also, the mother testified that V.T. was the natural father of the child; however, the appellants produced testimony and evidence that the mother had, at times before and after the child was bom, named at least one other man as being the father of the child. There were no blood test results available for the trial court to consider. The husband and the other named man are both deceased. When a trial court makes findings of fact based on conflicting ore tenus evidence, those findings will not be disturbed on appeal unless palpably wrong. Gulledge v. Frosty Land Foods Intern., Inc., 414 So.2d 60 (Ala.1982).
One of the strongest legal presumptions in Alabama is that the husband of the mother of a child is the natural father of that child, and this presumption may only be overcome by clear and convincing evidence to show that it is naturally, physically, or scientifically impossible for the husband to be the father. D.D. v. C.L.D., 600 So.2d 265 (Ala.Civ.App.1991). Finkenbinder v. Burton, 477 So.2d 459 (Ala.Civ.App.1985). After reviewing the record with the attendant legal presumptions, we cannot hold that the trial court erred in finding that the appellants failed to present clear and convincing evidence to rebut the presumption that V.T. is the father of T.T. Consequently, this case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.