ROBERTSON, Presiding Judge
(concurring in the result only).
I concur in the result only for the following reasons. This circuit court divorce action was previously before this court, and we reversed the trial court’s judgment and remanded the cause for further proceedings consistent with that opinion. S.E.B. v. J.H.B., 605 So.2d 1230 (Ala.Civ.App.1992). Following those proceedings, the trial court entered a final judgment of divorce, making a paternity determination that the husband was not the father of J.R. Following the denial of his post-judgment motion, the husband filed a notice of appeal to the circuit court seeking a jury trial de novo pursuant to § 26-17-20(a), Ala.Code 1975. That code section provides that, in a paternity proceeding brought pursuant to the Alabama Uniform Parentage Act (AUPA), a party may appeal from a final judgment of the family court division of circuit court to the circuit court for a trial de novo and for a jury trial, if demanded. The trial court dismissed the husband’s appeal in this case, thereby denying his request for a jury trial on the paternity issue. This being a divorce action only, involving a paternity determination, I agree that the trial court properly dismissed the appeal for a trial de novo in the circuit court.
If this had been an AUPA paternity action, in view of the Alabama Supreme Court quashing the writ of certiorari in D.D. v. C.L.D., 600 So.2d 265, 269 (Ala.Civ.App.1991), it appears that when an AUPA action is joined with an action for divorce pursuant to § 26-17-9(a), Ala.Code 1975, the issue of paternity is merged with the divorce action and a party’s right to a jury trial as provided for by § 26-17-20(a) is lost. Since D.D., supra, was not a majority opinion by this court (Robertson, P.J., dissenting, and Russell, J., concurring in result only), our supreme court should address the issue of the right to a trial by jury as provided by statute on the initial appeal of AUPA actions which are joined with divorce actions.
YATES, J., concurs.